The action stood continued nisi for the consideration of this motion, and, at the succeeding March term in Suffolk, the opinion of the Court was delivered by
Putnam, J.
It is settled in many of the books, (1) that trespass does not lie against the executor of a gaoler for an escape ; and, in the case of Hambly & al. vs. Trott, Adm., (2) it was decided, that actions arising ex delicto, as, for assault and battery, imprisonment, trespass, words, nuisance, and escape against the sheriff, die with the person.
The principles adopted seem to be, that, where the deceased, by a tortious act, acquired the property of the plaintiff, as, by cutting his trees and converting them to his own use, or by converting his goods to his own use ; * although no action of trover or trespass will lie ; yet the law will give the plaintiff some form of action, to recover the property thus tortiously obtained. But where, by the act complained of, the deceased- acquired no gain, although the plaintiff may have suffered great loss ; there the rule, actio personalis moritur cum persona, applies.
The case at bar comes within the latter branch of the rule. The deceased had no pecuniary benefit by reason of his wrongful act. The reparation, to which the plaintiff was entitled, was for the damages he had sustained from the tort, and not for any property the deceased had obtained.
Although the statute of 1805, c. 99, § 2, has altered the common law in relation to suits against the executors and administrators of the-sheriff, by providing for their liability to suits for the malfeasance or nonfeasance of the sheriff or his deputy ; yet we are not disposed to extend the liability to the administrators of deputy sheriffs, as the statute has not included them in the provision.

Action dismissed.

 Com. Dig Tit. Administration, B., 15, cites 41 Ass.pl. 15 — Dyer, 322. — 1 Rol 921, l. 20. — 2 Inst. 382. — 1 Saund. 21.

 Cowp. 371.