THE PEOPLE *vs.* GIBBS and another, *executors* of Gibbs, late sheriff of Washington.

An action will not lie against the *executors of a sheriff* for the default of his deputy in returning process, for the omission to return which an action of *assumpsit* is given by statute.

Where the cause of action arises *ex delicto,* an action cannot be sustained against the representatives of the party who would have been liable if living although the action be given by statute and is in form *ex contractu,* unless the estate of such party was benefitted by the act complained of—as where property was tortiously taken and sold, or remains in specie in the hands of the representatives.

THIS action, tried at the Washington circuit in November, 1830, before the Hon. ESEK COWEN, one of the circuit judges, was brought to recover the balance of a sum of money directed to be levied on a *warrant* issued by the *treasurer* of the county of Washington, commanding the *sheriff* of that county to levy of the goods, &c. of one J. J. Sherwood $1743,05, being the balance of a certain tax, for the collection of which a tax roll and warrant in due form had been delivered to Sherwood as *collector* of the town of Salem, and which sum remained due and unaccounted for by him.   The warrant against the collector was delivered to a *deputy* of the sheriff, and $343,39 remaining unaccounted for by the sheriff, and the warrant *not having been returned* to the treasurer, this action was brought.   The declaration was in *assumpsit,* contain-

ing the common money counts and an account stated ; the defendants pleaded the general issue. On the above facts appearing, the counsel for the defendants insisted that the action did not lie *against the executors of the sheriff*, it being in its nature *ex delicto* and falling within the rule of *actio personalis moritur cum persona.* The presiding judge decided that the action could not be sustained, unless it was proved that the balance claimed had been *actually* received by the sheriff in his life time, or by his deputy ; and no such proof being given, the judge instructed the jury to find a verdict for the defendants, who found accordingly. The counsel for the people excepted to the decision and charge of the judge, and for a new trial.

*Greene C. Bronson*, (attorney general,) for the people. By the provisions of the statute, 2 *R. L.* 514, § 13, a sheriff who *neglects to return* a warrant like that delivered to the deputy of the defendant, is declared to be liable to the people in the sum directed to be levied, to be recovered with costs of suit in an action for so much money received to their use. On the omission to return the process, the sheriff became *indebted* to the people. The statute declares what shall be evidence of indebtedness, and gives the remedy by action of *assumpsit* as for money had and received, throwing the proof upon the sheriff to exonerate himself from liability. Where the action is strictly *ex delicto*, a suit cannot be sustained against executors, except where the estate of the testator has been benefitted by the act complained of ; but where the executors may be charged as on a *contract*, the action will lie, as in a suit against the executors of a *common carrier*, where, although there can be no recovery in an action on the *custom*, if they are charged as on a contract, the action lies. The rule is, that the action will not lie against the personal representatives where the action must be in form *ex delicto* and the plea *not guilty* ; but if any contract can be implied, as if the wrong doer converts the property into money, the action lies against the representatives. *Hambly and others* v. *Trott, Cowp.* 371. 1 *Saund. Pl. & Ev.* 497. *Toller*, 460, 462. 2 *Johns. R.* 227. Here the debt or duty is created by statute, and the form

of action is *ex contractu.* The attorney general also cited 4 

*Halst. R.* 173, 2 *Hayw. N. C. R.* 182, 1 *Pick.* 71, and 7 *Mass. R.* 317 ; in the latter of which cases it was expressly held that an action lay against the executor of sheriff for the default of his deputy to return an execution.

*J. Willard & D. Russell,* for defendants. The judge at the circuit laid down the correct rule on this subject: Unless the balance claimed was shewn to have been *actually* received by the sheriff in his lifetime, or by the deputy, the action could not lie against the executors of the sheriff. It is in its nature *ex delicto,* and not a case can be found where a suit under such circumstances was maintained against the representatives of the party in default, except where a contract could be implied—as where the wrong doer converted the property into *money,* or the goods remained in *specie* in the hands of the executor of the wrong doer; in which case the action is held to lie, for the reason that the estate is *benfitted.* The whole doctrine on this subject is fully discussed by Lord Mansfield in *Hambly and others* v. *Trott, Cowp.* 371. The mere fact of the action being *in form ex contractu* does not affect the rule that *actio personalis moritur cum persona,* where the action in fact arises *ex delicto.* Thus, where *debt* is given by statute for the escape of a prisoner, an action will not lie against the execution of the sheriff. 1 *Caines,* 124. 1 *Johns. R.* 402. *Cowp.* 371. The decision in 7 *Mass. R.* 317, cited on the other side, is founded upon an express statute, and even that statute is construed strictly. 13 *Mass. R.* 454.

*By the Court,* SAVAGE, Ch. J. By the laws relating to taxes, every collector is required to settle his account with the county treasurer within one week after the time mentioned in his warrant. If the collector refuses or neglects to pay to the county treasurer the amount of taxes contained in the assessment roll, or to account for the same in the manner prescribed by the statute, the county treasurer is required to issue his warrant to the sheriff of the county, commanding him to cause the amount specified to be levied of the goods and chattels, lands and tenements of the collector. If the sher-

iff neglects to return such warrant or pay the money levied thereon within the time limited, he is declared liable to pay the amount of the warrant to the people of the state, to be recovered in an action for so much money received to their use. The county treasurer certifies the default of the sheriff to the comptroller, and he gives notice thereof to the attorney general, whose duty it is to prosecute the sheriff. 2 *R. L.* 513, 14. This action is brought under this statute.

It is not denied that the action would lie against the sheriff himself upon the facts proven in this case ; but it is contended that the action, though in form *ex contractu*, is one actually in *tort;* that it is for a *nonfeasance* in his office, and does not survive against his representatives. The action against the sheriff himself would lie, not because money had been received by him, but because he had been guilty of official negligence, for which the legislature have said he might be made liable in this form of action.

*There seems to have been* some difficulty in the applition of the principle of *actio personalis moritur cum persona.* To a certain extent there is no difficulty. Actions upon contracts relating to property survive ; executors and administrators are the representatives of the property, that is, personal property of the deceased—they represent the goods and chattels, rights and credits of the deceased. Actions for wrongs for personal injuries do not survive, for executors and administrators do not represent the wrongs of the deceased, except as far as their personal property is affected. In all the recent adjudications and elementary works, the case of *Hambly* v. *Trott, Cowper,* 371, is referred to as containing the doctrine on this point. That was an action of *trover* against the executor, or rather administrator, with the will annexed, for a conversion by the testator. Lord Mansfield, in giving the opinion of the court, considers two classes of cases : 1. Actions which either survive or die on account of the *cause of action ;* 2. Those which survive or die on account of the *form of action.* As to the first class, which alone it is important to consider here, the rule laid down by Lord Mansfield is, that the action survives when the cause of action is money due on a contract, express or implied, or gain by the work or property of anoth-

er; but where the cause of action is tort, there the action dies. He specifies battery, false imprisonment, trespass, words, nuisance, obstructing lights, diverting a water course, escape against the sheriff, and cases of the like kind. A general rule is subsequently laid down which has ever since been considered correct: " If," says he, " it is a sort of injury by which the offender acquires no gain to himself at the expence of the sufferer, as beating or imprisoning a man, then the person injured has only a reparation for the *delictum* in damages to be assessed by a jury ; · but where, besides the crime, property is acquired, which benefits the testator, then an action for the value of the property shall survive against the executor; as for instance, the executor shall not be chargeable for the injury done by his testator in cutting down another man's trees, but for the benefit arising to his testator for the value or the sale of the trees, he shall." For the offence itself, the executor is not responsible ; but so far as the act of the offender is beneficial to his estate, his assets ought to be answerable. This is the common law rule, and under it an action of trover would not lie against the executor for property converted by the testator. *Toller,* 460, 2. But by our statute, 1 *R. L.* 311, 12, the action of trespass is given by and against executors and administrators for property taken and converted by the testator or intestate in his life time. It was decided in this court in *Martin* v. *Bradley,* 1 *Caines,* 124, that *debt* will not lie against the administrator of a sheriff for an escape in the life time of the intestate ; and in *Franklin* v. *Low & Swartwout,* 1 *Johns. R.* 402, it was held that an action would not lie against the representatives of a deceased post-master for the misconduct of his clerk. In this case, Mr. Justice Spencer cites with approbation the doctrine of Lord Mansfield in *Hambly* v. *Trott,* and also *Bailey* v. *Births, T. Raym.* 71, referred to and relied on in *Hambly* v. *Trott,* where it was held trover would not lie. In *McEvers* v. *Pitkin, late sheriff,* 1 *Root,* 216, it was decided that the administrator of a deceased sheriff was not liable in an action for the default of one of the sheriff's deputies in not executing and returning a writ of execution, on the ground that the action was for a tort or misfeasance of the sheriff by his deputy, which was personal and died with

NEW-YORK, the person. In *Cravath* v. *Plympton*, 13 *Mass. R.* 454, it
May, 1832. was held that no action lay against the executor of a deputy
The People sheriff for a nonfeasance of the deputy in neglecting to levy
v. execution for the plaintiff on the body of his debtor. In all
Gibbs. these cases the courts refer to, and rely upon the case of
*Hambly* v. *Trott.* In *Cravath* v. *Plympton,* Putnam, justice,
states the principle to be, that where the deceased by a tor-
tious act acquired the property of the plaintiff, as by cutting
his trees and converting them to his own use, although tro-
ver does not lie, yet the plaintiff may recover the value of
his trees in some other form of action ; but where, by the
act complained of, the deceased acquired no gain although
the plaintiff may have suffered great loss, then the rule ap-
plies, *actio personalis moritur cum persona.* The case of
*Cutler & Hay* v. *Brown's Ex'rs,* 2 *Haywood,* 182, and
*Ex'rs of Crane* v. *Crane,* 4 *Halsted,* 173, do not establish
a different rule, nor are they at all at variance with the other
cases referred to. The first states that an action for enti-
cing away the plaintiff's slave will lie against executors for
the same reason that trover will ; that is the whole case. If
it is intended in a case where the testator's estate was bene-
fitted, as I presume it is, then there is no objection to it ;
if any thing else is meant, it is incorrect. The other case
was assumpsit against the executors for wood cut and *sold*
by the testator ; it is the precise case supposed by Lord
Mansfield in *Hambly* v. *Trott.*

Were it not for the statute allowing an action for money
had and received, to be brought against the sheriff in a case
like the present, the action must have been an action on the
case against the sheriff for the default of his deputy in neg-
lecting to return an execution, (for the warrant in this case
was in the nature of an execution,) and then it would be
like the case of *McEvers* v. *Pitkin.* It is analogous in
principle with the action of debt for an escape ; there, as
here, the action is in form *ex contractu,* but in substance *ex
delicto ;* yet the form of the action does not vary the cause
of action, and when that is *ex delicto,* and not beneficial to
the estate, no action lies against the representative of the estate.

I am satisfied, therefore that the learned circuit judge was
correct, and a new trial should be denied.