## WILSON, Admr., *vs.* KNOX.

Where notice was given to a party to attend a caption of depositions, and he attended, but no caption was had, and suit was afterwards brought by him to recover the compensation allowed by statute; but, pending the action, the party deceased—*Held*, that the action survived, and the administrator was permitted to come in and prosecute.

Where the husband and wife were parties to a suit, notice to the husband, of the caption of depositions in the suit, is sufficient, if acted upon, to sustain a claim of compensation for travel and attendance.

Where there is evidence tending to show that the travel to attend a caption of depositions was not in fact for that purpose, but merely to extort money—*Held*, it was not such travelling as was designed to be compensated by the statute. It must be shown, however, that the party travelled to attend the caption, knowing that the depositions neither could, nor would be taken.

CASE, alleging that the plaintiff's intestate, and his wife, on the 17th of November, 1837, commenced an action against the defendant, returnable at the court of common pleas, to be holden at Concord on the third Tuesday of March, 1838, which was duly served, entered, and continued to the September term—that the defendant, on the 27th of June, 1838, agreeably to the provisions of the statute, caused to be left at the usual place of abode of the intestate, a notification in writing, addressed to him, dated the same day, signed by Ira Perley, esquire, a justice of the peace for the county of Merrimack, notifying the intestate that a deposition, or depositions, would be taken before John Nelson, esquire, represented in the notice to be a justice of the peace in and for the city and county of Baltimore, in Maryland, on the 25th of July, 1838, at the dwelling-house of the justice, to be used in the trial of said action; and that, in pursuance of the notification, the intestate actually travelled to the place, and at the time mentioned in the notification, to wit, from Pembroke to Baltimore, a distance of five hundred miles, and attended at Baltimore on the 25th of July, for the purpose of being present; but the defendant neglected to take any deposition to be used in said case, by reason whereof an action had accrued to the intestate, to have and recover of the defendant $120, for his

travel from Pembroke to Baltimore, a distance of five hundred miles ; and a further sum of $2.00 for one day's attendance, being double the fees allowed by law to witnesses for their travel and attendance.

After the commencement of this suit, the plaintiff, Nehemiah Knox, died, and Jane W. Knox, executrix, came in to prosecute, subsequent to which she died, and James Wilson, administrator *de bonis non*, took upon himself the prosecution of it—to which the defendant objected, on the ground that the action did not survive.

The defendant pleaded the general issue.

On the trial the pendency of the action was proved, the issuing of the notice, and the leaving of it at the dwelling-house of the intestate, by the defendant, as alleged in the declaration. It further appeared, that on the 28th of July the intestate called on a man by the name of John Nelson, residing in Baltimore, and presented the notice, and that Nelson informed him he was not a justice of the peace, had no authority to administer an oath, and had not been applied to for the purpose, and that there was no other person of that name in the city, to his knowledge—and such were the facts.

It did not appear that there had ever been any justice of that name in the city.

On the 10th of November, 1838, the intestate demanded of the defendant $122, on account of his having so travelled and attended.

The defendant introduced evidence that, in August, 1838, the intestate said to the witness, "that the defendant had not killed him yet ; that he had been to Baltimore and got back ; that he should not have gone, but he knew it would come out of the defendant ; that the papers had all come back ; and that he should get a good sum."

It was admitted that the distance to Baltimore from Pembroke is 436 miles.

A verdict was taken for the plaintiff, by consent, subject

to the opinion of this court upon the foregoing case; and judgment was to be rendered thereon, or the verdict to be amended, or set aside and judgment entered for the defendant, according to the opinion of the court.

*Perley,* (with whom was *Jos. Bell,*) for the defendant. 1. The action is not in form *ex contractu,* and does not survive. 1 *Chit. Pl.* 57 ; 3 *Blac. Com.* 302 ; 1 *Saund.* 217, *n.* 1 ; 3 *Mass.* 296, *Thayer* vs. *Dudley ;* 4 *N. H. Rep.* 146, *Fernald* vs. *Ladd.*

2. No notice was given which would oblige the party to attend on the caption of depositions.

3. The evidence shows that the defendant did not attend for the purpose of being present at the caption of depositions, but solely to extort money from the defendant, knowing that no depositions would be taken. The claim is, therefore, fraudulent in its character, and forms no just ground for compensation, within any reasonable construction of the statute.

*Pierce & Fowler,* for the plaintiffs, contended, 1. That the action survived. By an equitable construction of the statute of Edward III., an executor or administrator may have the same actions, for an injury done to the personal estate of the testator in his life time, whereby it is become less beneficial to the executor, as the testator himself might have had, whatever the form of the action may be. 1 *Saund.* 217, *n.* 1, *and authorities cited ;* 1 *Cowp.* 376, *Hambly* vs. *Trott.*

Whether the action survives does not depend upon the form or name of the action, or whether it is founded on contract, but whether there has been an injury to the personal estate. 1 *Pick.* 76, *Palmer* vs. *Stebbins ;* 2 *Bac. Ab., Executors, P.* 2 ; 2 *Maule & Sel.* 408, *Chamberlain* vs. *Williamson ;* 1 *Maule & Sel.* 355, *Kingdon* vs. *Nottle.*

2. Service of notice on the husband is sufficient, as being

a party to the suit.    From his relation to the wife  he is the necessary and proper agent on whom service should be made.

3.  It is immaterial what the motive of the travel was.  If the notice of the caption was not countermanded, and the plaintiff actually travelled in conformity to it, the defendant is liable under the statute.

UPHAM, J.    Motion has been made to  dismiss this action, on the ground that it does not survive to the  administrator. Cases of  torts, and actions *ex delicto*, and for  injuries to the person, do not, by the common law, as  a  general  rule, survive.    1 *Saund.* 217, *n.* 1 ;  1 *Chitty's  Pleading* 57 ;  3 *Blac. Com.*  302 ;  3 *Mass.*  321,  *Pitts* vs. *Hale ;*  13  *Ditto* 454, *Cravath* vs. *Plimpton ;*  5 *Pick. R.* 285, *Jones* vs. *Knox ;*  9 *Wend.* 29, *People* vs. *Gibbs.*    This suit is for  neither of these causes.    It is  to  recover  expenses  incurred for travel and attendance on a  caption of  depositions, agreeably to notice given.    This expense the  statute compels the party notifying  to pay, provided no caption is had.    It is  not a suit prosecuted as a penalty, or as a  punishment for  neglect, but to recover specific compensation for expenditures occasioned by acts of the defendant, for which he incurred a conditional liability of payment.

These expenses came out of the plaintiff's estate.    It was by so much diminished, and made less beneficial  to the administrator.    They  should  have  been  refunded  to the deceased by the plaintiff ; and why should they not be refunded to the estate ?    So far as the substance of things is concerned, there can be no  reason to  the contrary.    The name of the action prescribed  by the statute to  effect this remuneration cannot make  any difference, provided  it is for  expenses incurred, and not as a penalty.    On these grounds we hold that the action survives.

We are then to inquire  whether, on  the facts  submitted, the action can be maintained.

One exception taken is, that no  sufficient notice for  the

caption of depositions was given.    The husband was noti-
fied, and not the husband and wife, in a suit where they
were joined.    It is not necessary to determine whether the
husband might not be considered a competent agent to receive
notice in such case.    As the defendant chose to give such
notice, and it was acted upon, we regard it as not open to ex-
ception for this cause, and that the notice is sufficient for all
purposes of this suit.

The claim of the plaintiff to recover, under this notice, is
founded upon the provision in the act relative to the taking
of depositions.    By that act it is provided, that " if any party,
proposing to take any deposition, shall neglect or refuse to
take the same, after notice given to the adverse party, in case
of actual travel by himself or his attorney to the place, and
at the time mentioned in the notification, he shall be entitled
to have and recover, in an action of the case, from the party
proposing to take such deposition, double the fees which are
by law allowed to witnesses for their travel and attendance
at court in the trial of civil causes, unless seasonably notified
in writing, signed by the party proposing to take such deposi-
tion, or by his attorney, that such deposition will not be taken."

The statute was designed to give an adequate and suffi-
cient remuneration for expenses incurred in case of an at-
tendance, agreeably to notice, on a proposed caption of depo-
sitions, where no depositions were taken.    The arrangements
for such caption all rest with the party notifying.    It is his
duty to see that the magistrate and witnesses are seasonably
in attendance, and that the caption proceed.

At the same time, the statute did not contemplate a com-
pensation for travel, for any other purpose than actual attend-
ance on the taking of depositions.    If there is evidence to
show that the travel of the defendant was merely to extort
payment of his expenses, it is not in fact a travel to attend
the caption of depositions.

To make out a case of this kind, however, it should be
shown that the travel was under circumstances when it was

fully known that the depositions neither could nor would be taken, and that the sole motive of the attendance was the extortion of money. Evidence was offered in this case of the declarations of the plaintiff, "that he had been to Baltimore, and got back; that he should not have gone, but he knew it would come out of the defendant, and that he should get a good sum." This evidence tends to show that the travel may not have been such as was contemplated by the statute. Whether it was so or not, is a question for the jury to determine. The evidence on this point should have been submitted to them on trial; and, to determine this question, the verdict must be set aside, and a

*New trial granted.*