Caruthers, J.,
delivered the opinion ©f the Court.
This was an action of debt, brought by the defendant in error as executor of John. Hathaway, on aa *455 account due to the testator before his death. The pleas upon which the questions arise, are in these words: “ Statute of Limitations; Set .off,” to which there is a general replication and issue. Under the issues thus formed, the defendant below relies upon an adverse account, a part of which the plaintiff insists is barred by the statute of limitations, of six years, and the Court ruled that the bar may be applied, notwithstanding there is no replication of the statute. In this, it is insisted, there is error. We think differently.
1. Where the matter of the set off is specially set forth in a plea, it being in the nature of a cross-action the statute of limitations could not, perhaps, be relied upon, unless it were set up in replication. But where the plea is in the abbreviated form, containing nothing but the name instead of the plea itself, and giving no notice of the nature of the demand to be set off, it would be most unreasonable to deprive the plaintiff of his legal defence to such adverse claim because he did not guess at its nature, and set up the proper defence to it in replication. Where the plea is “in short,” as it is called, the plaintiff is entitled to meet any claim that may bé offered under it, with all the defences to which he is in law entitled as fully as if they were specially replied.
2. Objection is made to the charge of the Court, that where the property of another is taken and converted the tort may be waived, and debt brought for its value. Upon this question we have had some difficulty, and upon examination, find the authorities somewhat conflicting. In 2 Greenl. Ev., § 108, in the text, the principle is thus stated: “ If one commit a *456 tort on the goods of another, by which he gains pecuniary benefit, or if he wrongfully takes the goods and sells them, or otherwise applies them to his own use, the other may waive the tort and charge him in assumpsit on the common count, as for goods sold or money received, which he will not be permitted to gainsay.” Note 5, to the 4th edition, and same section, is more direct, and refers to additional authorities. The rule as laid down in 1 Arch., N. P., 59, only extends to cases where the wrong-doer has converted the property into money; and so it is in 1 Chit., and other authorities. As the question has now come before us for the first time, we feel at liberty to settle the principle as seems most reasonable and proper to us, as there is sufficient authority on both sides. If one may sue in assumpsit for goods delivered and converted, and recover the value, and for goods wrongfully taken and sold for money, we can see no good reason why the value of goods tortiously taken and converted, but not sold, may not be recovered in the same form of action. The principle is, that the injured party may, at his election, sue in trespass or trover for the tort, or waive it, and sue as upon an implied promise to pay the value of the property converted. In case of a pure tort or injury to the person or property, it would be different. There can be no injury to the defendant. Nothing but the value of the goods taken can be recovered from him in this form of action, and certainly nothing less would be the measure of damages if the suit were upon the tort. Certainly then, there is no ground of complaint on the part of the defendant, that the wrong is waived and the suit is *457 upon the implied contract to pay the value of the thing converted instead of the tort. Some of the authorities cited for this position are, 10 Mass, 436; 5 Greenl., 323; 13 Mass., 454; 10 Met., 231; 4 T. R., 211; 2 W. Bl., 827; 2 Pick., 285, note; 1 Taunt., 112, &c. There is also a distinct recognition of the same doctrine in this State—8 Hum., 496, Ott vs. Whitworth. In most of these cases, the action of assumpsit upon the general counts was adopted. But it is well settled in this State, that wherever indebitatus assumpsit will lie, debt may be brought at the election of the plaintiff. So there can be no controversy according to our decisions, that if assumpsit could be brought in such a case, debt will also.lie, let the consequences as to the statute of limitations be what they may.
In relation to the other point made in the argument, it is scarcely necessary to remark, that where some of the items, in an account are barred, and others not, the latter only can be recovered. That is well settled.
There is no error in the record, and the judgment will be affirmed.