## SUPREME COURT.

MARY NORTON, administratrix, &c., of THOMAS NORTON, deceased, agt. EBENEZER WISWALL.

SEVEN OTHER SUITS agt. SAME DEFENDANTS.

The statute which gives a right of action to the personal representatives of a deceased plaintiff, under the act "requiring compensation for causing death by wrongful act, neglect, or default," (*Sess. Laws*, 1847, *p.* 575,) does not extend that right beyond the defendant or wrong-doer *personally.* The common law rule, that the remedy for injuries to the person dies with the wrong-doer, remains unchanged.

Therefore, where a defendant in such action dies pending the action, before verdict, the action is not sustainable against his personal representatives. The plaintiff's remedy is gone.

It does not help the difficulty that the defendant, when the alleged injuries occurred, was acting in the capacity of a carrier, and thus owed a duty to the plaintiff, upon which an action, in form *ex contractu*, might be maintained. For it is only because the plaintiff's action is for a *wrong*, that he is able to maintain it under the statute, as against the defendant himself.

Mary Norton, &c., agt. Wiswall, &c.

*Albany Special Term, Aug.,* 1856.

MOTION that suits be continued against executors.

These eight actions were brought against the defendant as the proprietor of the ferry across the Hudson River, at Troy, under the provisions of the act of the legislature, "requiring compensation for causing death by wrongful act, neglect, or default." (*Sess. Laws,* 1847, *p.* 575.) Eight persons were alleged to have been drowned by the upsetting of a skiff, at the defendant's ferry, and the plaintiffs in these actions are, severally, the personal representatives of the persons so drowned. In seven of the actions issues of fact were joined, and in the other an issue of law.

The defendant died in July, 1856, leaving a will, which has since been duly proved, by which he appointed his sons, Ebenezer Wiswall and John P. Wiswall, his executors, who have duly qualified.

Before the death of the defendant, one of the actions in which an issue of fact had been joined, had been tried. The trial resulted in a verdict for the plaintiff, and a recovery of damages to the amount of $3,000. The issue of law had also been argued, but remained undecided. No trial had been had in the remaining six actions. The plaintiffs moved that each of the actions be continued against the executors of the defendant.

D. GARDNER, *for plaintiffs.*

G. VAN SANTVOORD, *for executors.*

HARRIS, Justice. The actions are brought for the alleged wrongful act, neglect, or default of the defendant. No other action is given by the statute under which the plaintiffs proceed. The test by which to determine whether the actions will lie or not, is to inquire whether, in case the several intestates had survived, they could have maintained actions for the injuries they had sustained by reason of the same wrongful act, neglect or default. If they could, then the statute declares that the party who would have been thus liable shall, notwith-

standing the death of the person injured, continue to be liable, in an action to be brought by and in the name of the personal representatives of such deceased person.

It cannot be doubted that, had the persons injured survived, their causes of action would have been for personal injuries. The wrongs complained of had no reference to the estate of the parties injured. They are personal injuries, and but for the statute, the right of action would have died with the person.

At common law, no action would lie against the personal representatives of a wrong-doer for an injury, but, by a recent act of parliament, (3 & 4 *W. IV, Ch.* 42, § 2, *cited in* 1 *Chitty's Pl.* 90,) it is provided that, for an injury to personal property, an action may be maintained against the personal representatives of the wrong-doer. A similar provision was inserted in our Revised Statutes. (2 *R. S.* 447, § 1.) But the second section of the same act declares, that the provision shall not extend to actions on the case for injuries to the person of the plaintiff, or of the testator or intestate of any executor or administrator.

The statute which gives the right of action to the personal representative of the party injured does not extend that right of action beyond the wrong-doer himself. The common-law rule that the remedy for injuries to the person dies with the wrong-doer, remains unchanged. The rule that *actio personalis moritur cum persona*, is as applicable to the death of the wrong-doer as to that of the party injured. Indeed, it is more so ; for the statute under which these actions are brought has made one exception to the rule in respect to the latter, while there is no exception to the rule in respect to the former. (*See The People* agt. *Gibbs*, 9 *Wend.* 29, *and cases there cited; Hodgman* agt. *Western Railroad Corporation*, 7 *How.* 492; *United States* agt. *Daniel*, 6 *How. U. S. R.* 11: 1 *Chitty's Pl.* 90.)

The plaintiffs' counsel supposes that there is something in the fact that the defendant was acting in the capacity of a carrier, and thus owed a duty to those who employed him, upon which an action, in form *ex contractu*, might be maintained, that will save his actions. But I am unable to see how he can success-

Mary Norton, &c., agt. Wiswall, &c.

fully invoke the aid of any such principle. It is only because his actions are for wrongs, that he is able to maintain them at all, even as against the wrong-doer himself. Now that the alleged wrong-doer is dead, the character of the actions is not changed : they still remain actions for personal wrongs. Such actions, we have seen, are never sustainable against the personal representatives of the wrong-doer.

Nor is there anything in the provisions of the Code which has any effect upon the existing rules of law upon the subject. The 121st section, without undertaking to declare what causes of action do, and what do not survive or continue, upon the death of a party, merely provides a simple and summary mode of continuing such actions as do survive.

In respect to the action in which the plaintiff has obtained a verdict, there is no necessity on her part that the suit be continued. The statute authorizes a final judgment to be entered in the name of the original parties. (2 *R. S.* 387, § 4.)*

Since the argument of these motions, the issue of law joined in one of the actions has been decided against the plaintiff. Had the decision been in favor of the plaintiff, he might probably have had the judgment entered thereon as of the time of the argument. As it is, it may be proper that the judgment should be thus entered. (*See Ehle* agt. *Moyer*, 8 *How.* 244; *Diefendorf* agt. *House*, 9 *id.* 243.)

Although, in examining one of these cases upon a demurrer to the complaint, I have come to the conclusion that these actions could not be sustained, even as against the original defendant, I should have preferred to have found myself at liberty to grant the order for which the plaintiffs ask, directing that

* The 121st section of the Code, as amended by the legislature in 1857, adds the following clause to the section as it stood before, to wit: "After a verdict shall be rendered in any action for a wrong, such action shall not abate by the death of any party, but the case shall proceed thereafter in the same manner as in cases where the cause of action now survives by law."

This is a similar provision to that of the Revised Statutes, referred to, which gives the court the right to enter final judgment in the names of the original parties, where either party dies after verdict or plea of confession, in the action. [REPORTER.]

the suits be continued against the executors of the defendant. Then, in case the view I have taken of the merits of these actions should be held, upon appeal, to be erroneous, the plaintiffs would be in a situation to proceed to try such of the actions as have not yet been tried. But, upon a careful consideration of the question, I am satisfied that the cause of action does not, in either of these cases, survive against the personal representatives of the defendant. It is not a case, therefore, in which I can be allowed to consult my own preference. I am glad, however, to know that even this determination may be reviewed upon appeal.

The motion in each of these eight suits must be denied, but without costs.