JOHN F. DEVINE, Admr., Plaintiff in Error, *vs.* MARY E. HEALY, Exrx., Defendant in Error.

*Opinion filed June 16, 1909—Rehearing denied October 7, 1909.*

1. SURVIVAL OF ACTIONS—*administrator of deceased may maintain suit for damages against executor of wrongdoer.* Since the enactment of section 122 of the Administration act, relating to actions which survive, an administrator of a person whose death has been caused by the wrongful act, neglect or default of another may maintain an action against the latter's executor, under section 2 of the Injuries act, to recover damages for the exclusive benefit of the widow and next of kin of the person whose death has been wrongfully caused. (*Holton* v. *Daly*, 106 Ill. 131, explained.)

2. SAME—*rule where person injured dies.* If a person injured by another's negligence dies as the result of his injury the only action which can be maintained is the action for the benefit of the widow and next of kin which is given by the statute of 1853; but if he dies from some cause other than the injury the cause of action for damages to the time of his death survives under section 122 of the Administration act.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This was an action brought on April 12, 1907, by James Reddick, administrator of the estate of Frank Riggs, deceased, in the superior court of Cook county, against defendant in error, Mary E. Healy, executrix of the will of John M. Healy, deceased, to recover damages for the death of the said Riggs, alleged to have been caused through the negligence of said John M. Healy. Later John F. Devine succeeded Reddick as administrator and was substituted in this suit.

The declaration as finally amended alleges, in substance, that on April 20, 1906, John M. Healy was a general contractor engaged in laying a water main in the city of Libertyville, in Lake county, Illinois; that on that date Frank

Riggs was in the employ of Healy as a caulker, and while working at the bottom of a ditch which had been dug by the employees of Healy, and while he was in the exercise of due care, his death was occasioned by the negligence of Healy. The alleged acts of negligence were set out with sufficient particularity. It was further averred that Riggs left surviving him his father, his mother and certain brothers and sisters, all of whom were dependent upon him, in whole or in part, for their support, and that they had been deprived of their support by reason of his death; that said John M. Healy died on July 16, 1906, and that prior to the commencement of this suit defendant in error was duly appointed and qualified as executrix of his last will, and that she was acting in that capacity at the time the suit was begun.

To the declaration, as amended, defendant in error interposed a general demurrer, which was sustained. Thereupon plaintiff in error elected to stand by his pleading, and judgment was entered against him for costs and the suit dismissed. That judgment has been affirmed by the Branch Appellate Court, and the case has been brought to this court by a writ of error.

It is contended by plaintiff in error that the superior court erred in sustaining the demurrer and in entering judgment against him.

RUNNELLS, BURRY & JOHNSTONE, (G. M. PETERS, of counsel,) for plaintiff in error:

Had death not resulted from the injury the present defendant would have been liable. Death resulting, an action under the death statute lies against defendant. Rev. Stat. chap. 70, secs. 1, 2; *McIntyre* v. *Sholty*, 121 Ill. 660; *Norton* v. *Wiswall*, 14 How. Pr. 42; *Russell* v. *Sunbury*, 37 Ohio St. 372.

By the Survival statute in this State actions for injuries to the person survive. This is an action for injuries to the .

person, and therefore survives. Rev. Stat. chap. 3, sec. 122; *Holton* v. *Daly,* 106 Ill. 131; *Moe* v. *Smiley,* 125 Pa. 136; *Russell* v. *Sunbury,* 37 Ohio St. 372; *Norton* v. *Wiswall,* 14 How. Pr. 42; *Hegerich* v. *Keddie,* 99 N. Y. 258.

GORHAM & WALES, for defendant in error:

The statute invoked by plaintiff in error in the case at bar creates an entirely new cause of action, which is in no sense a survival of a former action. *Chicago* v. *Major,* 18 Ill. 349; *Holton* v. *Daly,* 106 id. 131; *Brown* v. *Railway Co.* 102 Wis. 137; *Leggott* v. *Railway Co.* 1 Q. B. Div. 599; *Whitman* v. *Railroad Co.* 23 N. Y. 465; *O'Rielly* v. *Stage Co.* 34 N. Y. Supp. 358; *Railroad Co.* v. *Adams,* 116 Fed. Rep. 324.

The terms of the statute under which this action is brought do not extend the action to the administrator or executor of the tort feasor, and in the event of the tort feasor's death the common law rule of *actio personalis moritur cum persona* prevails. *Davis* v. *Nichols,* 54 Ark. 358; *Hegerich* v. *Keddie,* 99 N. Y. 258; *Norton* v. *Wiswall,* 14 How. Pr. 42; *Hamilton* v. *Jones,* 125 Ind. 176; *Russell* v. *Sunbury,* 37 Ohio St. 372; *Moe* v. *Smiley,* 125 Pa. 136.

The act of 1872, entitled "An act in regard to the administration of estates," (commonly called the Survival statute,) includes only actions for injuries where the person injured dies from some cause other than the injuries. The statute has no reference to cases embraced within the act of February 12, 1853. *Holton* v. *Daly,* 106 Ill. 131; *Brown* v. *Railway Co.* 102 Wis. 137; *Lubrano* v. *Atlantic Mills,* 19 R. I. 129; *McCarthy* v. *Railroad Co.* 18 Kan. 46; *Sweetland* v. *Railroad Co.* 43 L. R. A. 568.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The only question presented for determination is whether this action, brought exclusively for the benefit of the next of kin pursuant to section 2 of chapter 70, Hurd's

Revised .Statutes of 1908, can be maintained against the executor of the alleged wrongdoer. At common law an action for a wrong of the character here charged abated upon the death of the person aggrieved or upon the death of the tort feasor. A change was effected in England by the passage of Lord Campbell's act. (9 and 10 Victoria, chap. 93.) Thereafter, in 1853, our statute requiring compensation for causing death by wrongful act, neglect or default was enacted. The first section of our statute is identical with the first section of Lord Campbell's act, and is in these words:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." (Hurd's Stat. 1908, chap. 70, sec. 1.)

The second section of our statute provides that the action given by the first section shall be brought in the name of the personal representative of the deceased, for the exclusive benefit of the widow and next of kin of the deceased. It will be observed that this act did not affect the common law where the wrongdoer died before judgment, and in that event there could be no further prosecution of any action for the wrong. Nor did the act provide for bringing an action where the death of the party injured resulted from some cause other than that which occasioned the injury. With the law in this condition the legislature, in 1872, enacted section 122 of chapter 3, Hurd's Revised Statutes of 1908, which reads: "In addition to the actions which survive by the common law, the following shall also

survive: Actions of replevin, actions to recover damages for an injury to the person, (except slander and libel,) actions to recover damages for an injury to real or personal property, or for the detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or nonfeasance of themselves or their deputies, and all actions for fraud or deceit."

This section provides for the survival of any action therein designated if the party aggrieved, or the wrongdoer, or both, should die. (*Northern Trust Co.* v. *Palmer,* 171 Ill. 383.) Under this section, if the party injured survives and the wrongdoer dies, the party injured may in his lifetime maintain the action, and plaintiff in error herein contends that, this being true, upon the person injured dying as the result of the wrongful act, neglect or default, his legal representative can maintain the action against the legal representative of the deceased under the provisions of section 1, *supra,* for the reason that an action is given by that section against "the person who or company or corporation which would have been liable if death had not ensued." The position of defendant in error is that the two statutes are wholly independent, and that section 122, *supra,* not having been enacted until 1872, the language last quoted from the act of 1853 means the person who at common law "would have been liable." Defendant in error relies principally upon the following cases: *Hegerich* v. *Keddie,* 99 N. Y. 258, *Norton* v. *Wiswall,* 14 How. Pr. 42, *Hamilton* v. *Jones,* 125 Ind. 176, *Moe* v. *Smiley,* 125 Pa. 136, *Russell* v. *Sunbury,* 37 Ohio St. 372, and *Davis* v. *Nichols,* 54 Ark. 358. All these cases arise under statutes which, in substance, are as the first section of Lord Campbell's act, but neither of the first five seems to have been affected by a statute such as section 122, *supra,* and for that reason we do not deem them in point. In Arkansas, however, in addition to a statute substantially in the same terms as the first section of Lord Campbell's act,

there was a statute which provided that for wrongs done to the person or property of another an action might be maintained by the person injured, or his administrator, against the wrongdoer or his administrator. In the Arkansas case the person injured died from his injuries. An action was prosecuted by his administratrix against the wrongdoer. Pending the suit the wrongdoer died, and the question was whether the cause could be revived against his administrator. The court held that whatever cause of action the person injured had in his lifetime against the wrongdoer survived against the administrator of the wrongdoer by virtue of the statute last mentioned, but that the cause of action which may be asserted against the administrator of the wrongdoer by the administrator of one who has received a wrongful injury and died therefrom does not inure to the benefit of the widow and next of kin; that the action which is prosecuted for their benefit is not founded on survivorship but is a new cause of action which the death itself originates, and which begins when the action which could have been asserted by the injured man would end if it was not saved by the survival statute. Placing this construction on the statute of that State, the court in an able opinion reaches the conclusion that the suit, in so far as it was brought for the benefit of the widow and next of kin,—that being the right of action given by Lord Campbell's act,—could not be maintained against the administrator of the wrongdoer, as it was not within the terms of the statute providing for the survival of actions, but that the administrator of the person injured could maintain an action against the administrator of the wrongdoer for the cause of action which was originally in the injured person himself, as that cause of action, by virtue of the statute, did survive to his administratrix.

Contrary to this view we have already held, notwithstanding section 122, *supra,* that after the death of the person injured no action can be maintained for the damages

which he could have recovered had he not departed this life, and that the only action which his administrator can maintain is the action for the benefit of the widow and next of kin which is given by the statute of 1853. (*Holton* v. *Daly,* 106 Ill. 131.) While it is held in the Arkansas case that the action which is prosecuted for the benefit of the widow and next of kin is upon a new cause of action which the death itself originates, we have held that the cause of action is the same, viz., the wrongful act, neglect or default, whether the action be brought by the person injured in his lifetime, or by his administrator after his death has been occasioned by the tort, the only difference, according to our view, being that the measure of recovery is not the same. (*Holton* v. *Daly, supra.*) Having held, contrary to the view of the Arkansas court, that the right to recover which was in the person injured does not survive, if we should now hold with that court that the right of action given by section 1, *supra,* could not be asserted against the administrator of the deceased wrongdoer, it is manifest that section 122 would leave the administrator of the person wrongfully injured, who dies from his injuries, without any right to proceed against the administrator of the wrongdoer, precisely as was the situation at common law. No such result is warranted by the opinion in *Davis* v. *Nichols, supra.* We have heretofore held that this statute (sec. 122, *supra,*) is remedial in its character and is to be liberally construed. That being true, the construction contended for by defendant in error should not be adopted.

In *Holton* v. *Daly* it was said that the section in question "was not intended to apply to cases embraced by the act of February 12, 1853," and this statement is regarded by defendant in error as decisive of the present controversy. In that case the court gave no consideration whatever to any question in reference to what actions would survive or might be brought against the legal representative of the wrongdoer. The only thing under consideration

was the right of the administrator of the injured person against the wrongdoer himself. The quoted words were not used with reference to the question now under consideration, and they are therefore without significance in this case. If an injured person dies from some cause other than the injury, the cause of action for damages to the time of his death survives under section 122. *Holton* v. *Daly, supra; Savage* v. *Chicago and Joliet Railway Co.* 238 Ill. 392.

The plaintiff in error relies upon the case of *McIntyre* v. *Sholty,* 121 Ill. 660. In that case a judgment in favor of the administrator of a person wrongfully killed, against the administrator of the person who killed him, was affirmed in this court. The suit was brought under the provisions of the act of 1853. While, as insisted by plaintiff in error, affirmance could only have been had upon the theory that the action given by section 1, *supra,* could be maintained against the administrator of the deceased wrongdoer, still the question whether the action could be so maintained seems neither to have been presented nor considered, and for that reason that case is not controlling. We are of opinion, however, that since the enactment of section 122 of the act of 1872 the legal representative of the deceased wrongdoer is, within the meaning of section 1 of the act of 1853, "the person who * * * would have been liable" if the death of the party injured had not been occasioned by the injuries.

The judgment of the Branch Appellate Court and the judgment of the superior court will be reversed and the cause will be remanded to the latter court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*