### James H. Prouty, Administrator, Appellant, v. City of Chicago, Appellee.

### Gen. No. 15,072.

1. STATUTORY LAW—*canons of construction.* A statute primarily in its nature designed to protect municipal corporations from trumped-up claims, should be literally construed in favor of such corporations so sought to be protected.

2. NOTICES—*law concerning personal injuries construed.* This law which requires notice to municipal corporations of personal injuries sustained, etc., applies to a right of action arising from death caused by wrongful act.

3. STATUTE OF LIMITATIONS—*when new cause of action set up.* In an action by an administrator for death caused by the wrongful act of a municipal corporation an amended count sets up a new cause of action which differs from the original count in that it sets up for the first time the serving of the notice required by statute.

CHYTRAUS, J., dissenting.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 2, 1910.

GEORGE E. GORMAN, JAMES A. BRADY and BRADY, BARNUM & RUTLEDGE, for appellant.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellee; EDWARD C. FITCH, of counsel.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

This is a suit brought by the administrator of one Doyle on behalf of his widow and next of kin for negligence producing injuries on October 27, 1906, which caused his death on the same day. The original declaration was filed November 21, 1906. On April 17, 1908, an amended declaration was filed, to which the city pleaded the statute of limitations. A demurrer thereto was overruled, the suit dismissed and judgment for costs rendered against the plaintiff, who prosecutes this appeal. The additional counts contained the additional allegation of the service of notice by plaintiff upon the city on November 13, 1906, in accordance with section 2 of the Act of May 13, 1905. Hurd R. S. 1909, p. 1248.

The questions raised are: 1st. Is such an allegation essential—that is, is such a suit by an administrator a suit "for damages on account of any personal injuries" within the meaning of the statute? 2nd. If it is, does the amendment supplying this defect state a new cause of action so as to be barred if filed more than one year after the death?

If the first question is answered in the affirmative, the second is also answered affirmatively by the Supreme Court in Walters v. City of Ottawa, 240 Ill. 259, an authority binding upon this court. An affirmative answer to the first question necessarily follows, in our judgment, from the decision of the Supreme Court in Mooney v. City, 239 Ill. 414, following Crane v. C. & W. I. R. R. Co., 233 Ill. 259, wherein the courts held that a suit by an administrator under the Act of 1853 is not a suit on a new cause of action, that is that the death is not the cause of action, but that it is a suit on the same cause of action that the deceased had, for the wrongful act, neglect or default, although with a different measure of damages. See too, Devine v. Healy, 241 Ill. 34.

If the suit by the administrator is on the identical

cause of action that the deceased had, and if the latter's cause of action was one for personal injuries, the logical, and we think the correct, construction of the statute as to notice is, that it applies as well to the administrator's suit as to one that the injured person might have brought in his lifetime; that both are suits for damages on account of personal injuries.

Moreover every reason that can be urged in favor of changing the common law by adding the statutory requirement of notice before suit, applies as well to the one as to the other proceeding.

Section 1 of this Act changes the period of limitations from two years to one year from the time of the injuries for an action by one "for injuries to his person." This section, it is true, has no application to a suit by an administrator, for such a suit is not for injuries to the plaintiff's person. It was however unnecessary to enact a new limitation law for such actions inasmuch as the Act of 1903 had limited the time for an administrator's suit to one year from death. But the fact that section 1 does not relate to an administrator's suit is no ground, in our judgment, for narrowing the natural meaning of the phrase —"personal injuries"—used in section 2 and for making it synonymous with "injuries to plaintiff's person."

Nor can we find any justification for interpreting section 2 so as to require notice in actions by a father or husband for loss of services due to personal injuries to a child or wife, which cause of action accrues at the moment of injury, and not in actions by an administrator for personal injuries causing death, inasmuch as section 2, while clearly contemplating that the person injured may be a different person from the plaintiff, also contemplates that the cause of action in some cases, may accrue at a time different from that of the injury.

This statute is remedial in its nature. It aims to protect municipal corporations from trumped up

claims by requiring prompt notice of the particulars of the accident and the means of verifying them. It should be literally construed in favor of the municipal corporations which it aims to protect. The same dangers exist whether the one claiming to have been injured lives or dies. Inasmuch as the title of the act and the language of section 2 are both broad enough to comprehend both classes of cases, and as the mischief aimed to be avoided exists in both cases, we are of the opinion that it was the duty of the administrator in this case to have given the notice within six months after his appointment. Crapo v. City of Syracuse, 183 N. Y. 395.

Inasmuch as the giving of the notice was not pleaded in apt time, we are constrained under the decision in the Walters case (*supra*) to hold that the trial court did not err in overruling the demurrer to defendant's plea of the statute of limitations.

*Affirmed.*

MR. JUSTICE CHYTRAUS dissents.