CHICAGO—FIRST DISTRICT—JANUARY, 1916.    331

Gemmill v. Peoples Gas Light and Coke Co., 197 Ill. App. 331.

## Howard S. Gemmill, Administrator, Appellant, v. Peoples Gas Light and Coke Company et al., Defendants. Annie E. Smith, Executrix, Appellee.

### Gen. No. 21,272.

1. ABATEMENT AND REVIVAL, § 3*—*when cause of action survives against personal representative.* The cause of action under the Campbell Act survives against the personal representative of the person whose wrongful act caused the death.

2. ABATEMENT AND REVIVAL, § 65*—*when right of action survives against surviving defendant.* Under sections 12 and 13 of the Abatement Act (J. & A. ¶¶ 12, 13), in a case of two defendants, the right of action, if the cause of action survives, survives against a surviving defendant and not against the personal representative of the deceased defendant.

McSURELY, P. J., dissenting.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916.

EARL J. WALKER, for appellant.

BULKLEY, MORE & TALLMADGE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

September 26, 1912, Hans Hanson was killed through the alleged negligence of Alanson D. Smith and the Peoples Gas Light and Coke Company. February 26, 1913, Gemmill as administrator of Hanson brought his action in the Superior Court of Cook county under the Campbell Act against Smith and the gas company. The gas company was not served with process until April 1, 1914. February 27, 1914, more than a year after the death of Hanson, Smith died. June 30th, plaintiff suggested the death of Smith and a summons was issued to Grundy county for his executors and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

332    APPELLATE COURTS OF ILLINOIS.

Gemmill v. Peoples Gas Light and Coke Co., 197 Ill. App. 331.

served on Annie E. Smith, one of the executors of his will. She filed a plea setting up her residence in Grundy county; that Alanson D. Smith died February 24, 1914, more than a year after the death of Hanson, and while the gas company was still a defendant to the suit; that his death was suggested and brought to the attention of the court. To this plea plaintiff demurred, his demurrer was overruled, and he electing to abide by his demurrer, the suit was dismissed, and he appealed.

The cause of action under the Campbell Act survives against the personal representative of the person whose wrongful act causes the death. *Devine v. Healy*, 241 Ill. 34.

The only question we deem it necessary to consider is whether the plaintiff had the right to proceed in the same suit against any one except the surviving defendant. Section 12 of the Abatement Act (J. & A. ¶ 12) provides:

"When there are several plaintiffs, petitioners or complainants or defendants in an action, proceeding or complaint, in law or equity, the cause of which survives, and any of them die before final judgment or decree, the action, proceeding or complaint shall not on that account abate, but such death may be suggested on the record and the cause proceed at the suit of the surviving plaintiff, petitioner or complainant, or against the surviving defendant, as the case may be, in all cases as if such persons had been originally sole parties to the suit."

In this case the plaintiff attempted to proceed, not against the surviving defendant, but against the executor of the deceased defendant. Section 13 (J. & A. ¶ 13) provides that:

"If in the case mentioned in the preceding section all the plaintiffs, petitioners or complainants or all the defendants die, the cause may be prosecuted or defended by or against the heir, devisee, executor or administrator to or against whom the cause survives of

the last surviving plaintiff, petitioner, complainant or defendant, respectively, in like manner as if the survivor had been originally the only plaintiff, petitioner, complainant or defendant.''

Sections 12 and 13 of the Abatement Act (J. & A. ¶¶ 12, 13) do not attempt to provide what *causes of action* shall survive, but relate to the *right of action*, and provide by whom and against whom the suit may be prosecuted in case of the death of one of the defendants, where the cause of action survives. We think that under the statute it is clear that in a case of two defendants, the right of action, if the cause of action survives, survives against the surviving defendant, and not against the personal representative of the deceased defendant.

It follows from what has been said that in our opinion the Superior Court properly overruled the demurrer of plaintiff to the plea of the defendant executrix, and the judgment is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE MCSURELY dissenting: I read sections 11, 12 and 13 (J. & A. ¶¶ 11-13) as permissive, as indicated by the word ''may'' in each section. Upon the death of one defendant, plaintiff could, after dismissing as to the living defendant, proceed under section 11, or without dismissing continue under section 12. To construe section 12 as mandatory is to make it operate as a statute of abatement as to any defendant dying after one year from the death of plaintiff's decedent; considered in connection with section 11, I do not think this was the intention of the Legislature. Remedial statutes are to be construed liberally.