DAVIS *v.* NICHOLS.

54  358
f 84  619

Decided March 28, 1891.

*Death by wrongful act-- Survival of action against wrong-doer's administra-tor.*

> When one is killed by the wrongful act of another, the cause of action for the benefit of his estate, under section 5223, Mansfield's Digest, survives the death of the wrong-doer; but the action for the benefit of his widow and next of kin, created by the act of 1883 (secs. 5225-6, *ib.*), abates upon the wrong-doer's death.

APPEAL from *Lee* Circuit Court.

'M. T. SANDERS, Judge.

*George Sibly* for appellant.

1. The action did not lie. 34 Am. & Eng. R. Cases, 464. The criminal liability merges the civil action. 95 U. S., 758; 1 Add. on Torts, secs. 45-6. To entitle the personal representative to maintain the action, there must have existed a

contracted relation between deceased and the person at whose hands he suffered death. Note 1 to p. 133 of 5 A. & E. Enc. Law; 72 Ga., 137; 28 A. & E. R. Cases, 575. See, also, Mansf. Dig., sec. 5225. If Nichols could not maintain the action, neither his widow nor administratrix could. 41 Ark., 299; 5 A. &. E. Enc. Law, 132, note 2; *ib.*, note 1; 95 U. S. Our statute purports only to provide for the survivor of the action that the party injured might, in his lifetime, have maintained. 34 Am. & E. R. R. Cases, 462; 12 Bush, 172; 82 Ky., 383.

*N. W. Norton* for appellee.

That the action survived is settled by the statute, and 41 Ark., 296; Const., art. 5, sec. 32; Mansf., Dig., sec. 5230; 17 Ark., 270; Whit. Smith on Negl., p. 437.

COCKRILL, C. J. Curtner killed Nichols in a personal altercation. Nichols' widow, as adminstratrix of his estate, brought this suit against Curtner to recover damages. The complaint alleged that, "on the 22d day of January, 1886, the defendant, W. H. Curtner, wrongfully did assault, shoot and wound the said J. F. Nichols, her intestate, whereof the said J. F. Nichols languished and languishing did die " on the 23d of January, 1886. It was further alleged that the plaintiff was the widow and next of kin of the deceased, that as such she was damaged in a large sum, and judgment was prayed for that sum and for general relief. Pending the suit Curtner died. The question is, Can the cause be revived against his administrator? The action would have abated at common law, and must abate now unless the statute has changed the common law rule. The only provisions of the law bearing upon the question are sections 5223-6 of Mansfield's Digest. The first two of these sections are taken from an act of 1838, and relate to the revivor of actions *ex delicto ;* the others are from the act of 1883, and confer upon the personal representative of the deceased a right of action for his death when it is caused by wrongful act, neg-

*Margin note:* Do actions for wrong resulting in death survive wrongdoer's death?

lect or default—to be prosecuted for the benefit of the widow and next of kin.

It is plain that whatever cause of action J. F. Nichols had against Curtner survived to his administrator by virtue of section 5223 referred to above and hereinafter copied. *Ward v. Blackwood*, 41 Ark., 295 ; *Davis v. Railway*, 53 *ib.*, 117. The terms of the section are specific also to the effect that the cause should survive in favor of Nichols' estate against Curtner's administrator. It is plain, too, that, had Curtner lived, he would have been liable to an action by Nichols' administrator for the benefit of his widow and next of kin, by virtue of section 5225–6. But he is dead ; and the question is, Did the court err in permitting the cause to be prosecuted to judgment against his administrator for the benefit of the widow and next of kin ?

The statute under which that branch of the suit was maintained authorizes an action against a wrong-doer, but it is silent as to the administrator of the wrong-doer ; and unless the provisions of the statute first cited cure the defect, the action must abate under the familiar rule of the common law that the wrong-doer and the wrong are buried together. The question has arisen frequently under statutes which like ours are modeled after Lord Campbell's act, and it has been invariably decided against the right of revivor. *Hegerich v. Keddie*, 99 N. Y., 258 ; *Moe v. Smiley*, 125 Pa. St., 136 ; *Russell v. Sunbury*, 37 Ohio St., 372 ; *Green v. Thompson*, 26 Minn., 500 ; *Hamilton v. Jones*, 25 N. E. Rep. (Ind.), 192.

The courts were driven to that conclusion in the cases cited, because it was found that the common law rule as to the survivability of actions had not been changed by legislation—the duty of the courts being to declare the law and not to make it.

The section of the statute from the act of 1838 already referred to is as follows, viz.: "For wrongs done to the person or property of another, an action may be maintained against the wrong-doers, and such action may be brought

by the person injured, or, after his death, by his executor
or administrator, against such wrong-doer, or, after his
death, against his executor or administrator, in the same
manner and with like effect in all respects as actions founded
on contracts." It will be observed that this section pro-
vides that wrongs to persons or property shall be action-
able, but that is only an affirmance of the common law. It
does not therefore create a new cause of action or liability.
It simply devolves an existing common law right or liability
upon the administrator. To that extent it abolished the
common law. The "injury to the person" mentioned in
the provision has been construed to mean a bodily injury or
damage of a physical character and no other (*Ward* v.
*Black*, 41 Ark., *supra*) ; and the injury to property, so far as
it relates to personal property, is such only as was contem-
plated by the statute of 4 Edward III, c. 7, on the same
subject. *Russell* v. *Sunbury*, 37 Ohio St., *supra; Witters* v.
*Foster*, 26 Fed. Rep., 737.

Whether the wrong is a physical injury to the person or
an injury to property, the manifest intention is to do nothing
more than prevent a subsisting cause of action from abating
by the death of a party. The meaning of the legislature is
not changed, but may be more plainly seen, by turning the
section into this form, viz.: " When one who is entitled to
maintain an action for an injury to his person or property
dies, the action shall survive to his administrator ; and if the
wrong-doer dies, it shall survive against his administrator."

But the cause of action which survives to the administra-
tor upon the death of one who has received a physical injury
does not inure to the benefit of the widow and next of
kin. The action which is prosecuted for their benefit is not
founded on survivorship, but is a new cause of action which
death itself originates. It begins where the action which
survives ends. *Davis* v. *Railway*, 53 Ark., *supra*. Many
cases illustrating different phases of the question may be
found in the authorities referred to in *Davis* v. *Railway*.

The case of *Hegerich* v. *Keddie*, 99 N. Y., *supra*, is a case in point upon the question for decision. This suit was brought for damages for the death of the plaintiff's intestate against the administrator of the wrong-doer. It seems that the suit was for the benefit of the estate as well as of the widow and next of kin. The statute of revivor construed by the court was couched in the same language as section 5223, Mansf. Dig., except that it does not embrace injuries to the person, and where the word " property " appears in our statute, the broader term " property rights or interests " is substituted. Of this statute the court said : " The wrongs referred to in these sections are such only as are committed upon the ' property rights, or interests ' of the testator or intestate, and to the cause of action for which the executors and administrators acquire a derivative title alone. The whole scope and design of the statute is to extend a remedy already accrued, to the representatives of a deceased party, and provide for the survival only of an existing cause of action." And in speaking of the remedy under a statute similar to our act of 1883, the opinion continues : " The cause of action here provided for does not purport to be a derivative one, but is an original right conferred by the statute upon representatives for the benefit of beneficiaries, but founded upon a wrong already actionable by existing law in favor of the party injured, for his damages. The description of the actionable cause seems to have been inserted merely to characterize the nature of the act which is intended by the statute to be made actionable, and to define the kind and degree of delinquency with which the defendant must be chargeable in order to subject him to the action. (*Whitford* v. *Panama R. R. Co., supra.*)

" It will be observed also that the statute, although creating a new cause of action, and passed for the express purpose of changing the rule of the common law in respect to the survivability of actions, and conferring a right upon representatives which they did not before possess, does not undertake, either expressly or impliedly, to impair the

equally stringent rule which precluded the maintenance of such actions against the representatives of the offending party.

" The plain implication from its language would, therefore, seem to be at war with the idea that the legislature intended to create a cause of action enforceable against, as well as by, representatives."

What is there said of the injury to " property rights or interests " applying only to a derivative action is applicable as well to an injury to the person under our statute.

It follows that the action cannot be revived upon the theory that it is an injury to the person within the meaning of section 5223. The case just quoted is authority also to the proposition that it cannot be revived under that section either as an injury to the " property " of the decedent or of his widow and next of kin.

In *Yertore* v. *Wiswall*, 16 How. Pr., 8, it was held by the Supreme Court of New York that an action for the benefit of a widow to recover damages of a common carrier for negligently causing the death of her husband was a suit for an injury to her property interests within the meaning of the statute, and that the action survived the death of the wrong-doer; but the decision was overruled by the court of appeals in *Hegerich* v. *Keddie*, 99 N. Y., *supra;* and the doctrine of *Yertore* v. *Wiswall* has been repudiated, as we are advised, wherever the question has arisen. *Russell* v. *Sunbury*, 37 Ohio St., *supra; Hamilton* v. *Jones*, 25 N. E. Rep., *supra; Moe* v. *Smiley*, 125 Pa. St., *supra; Ott* v. *Kaufman*, 68 Md., 56.

These cases clearly show that the right of the widow to recover damages for the death of her husband is not based upon an injury to property within the meaning of the statute.

It follows that the action prosecuted for the benefit of the widow abated upon the death of Curtner, the wrong-doer, and that the court erred in permitting the plaintiff to proceed to judgment against his administrator for her benefit. For this error the judgment must be reversed.

But the complaint stated a cause of action in Nichols himself which survived to his administratrix, and she is entitled to prosecute it for the benefit of his estate.

Reverse and remand for a new trial.