BILLINGSLEY v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY.

Opinion delivered December 16, 1907.

SURVIVAL OF ACTION—KILLING OF WIFE.—Under Kirby's Digest, § 6285, providing for survival of a cause of action "for wrongs done to the person or property of another," a cause of action in favor of a

husband for negligently killing his wife does not survive his death, as it constitutes a wrong neither to his person nor to his property.

Appeal from Jackson Circuit Court; *Frederick D. Fulkerson*, Judge; affirmed.

### STATEMENT BY THE COURT.

This suit was instituted by one G. W. Hurley against the appellee to recover damages in the sum of $20,000, the alleged value of the services and companionship of Hurley's wife, who, it was alleged, "was killed through the carelessness and negligence of appellee's servants", and "by the wrongful act, neglect or default of appellee."

While the suit was pending, Hurley died, and it was sought to revive the cause in the name of appellant as his executor. The court, instead, abated the action, and this appeal is prosecuted from a judgment dismissing the cause.

*Stuckey & Stuckey,* for appellant.

1. The cause of action survives per force of the Constitution. Art. 5, § 31. It also survives by reason of the statutes. Kirby's Dig. § § 6285, 6286, 6288, 6298; 18 Mo. 162; 186 Mo. 445; 164 N. Y. 145; 23 Ky. 1879; 17 Pa. Super. Ct. 151; 63 N. J. L. 558; 75 N. Y. 192; 83 N. Y. 595; 58 Fed 532.

2. This being an action unknown to the common law, and based upon a statute only, the maxim, *"Actio personalis moritur cum persona"* can have no application.

*T. M. Mehaffy* and *J. E. Williams,* for appellee.

All questions involved in this action have been settled by this court contrary to the contention of appellant in *Davis v. Nichols,* 54 Ark. 358. See, also, 53 Ark. 117 ;51 N. H. 71; 70 Md. 319; 19 N. Y. 252; 61 N. E. 221; 29 S. W. 370; 23 Wis. 400; 50 La. An. 477; 111 Fed. 708; 49 Am. & Eng. R. Cas. 495; 151 U. S. 673; 28 S. E. 662; 46 S. W. 63; 74 N. W. 797; 75 S. W. 868; 23 So. 100.

WOOD, J., (after stating the facts.) The only question is: "did the cause of action survive the death of Hurley?" The action is based upon section 6288 of Kirby's Digest as follows: "When a wife be killed in this State by the wrongful act, neglect or default of any person, company or corporation, the husband

may have a cause of action therefor against such wrongdoer, and be entitled to damages for the services and companionship of his said wife in whatever amount the jury trying the cause may consider he is entitled to; provided, suit be brought within two years from the time the said cause of action occurs, which action may be brought by and in the name of the husband."

The statute under which survival to the executor of Hurley is sought reads as follows: Sec. 6285. "For wrongs done to the person or property of another an action may be maintained against the wrongdoers, and such action may be brought by the person injured, or, after his death, by his executor or administrator against such wrongdoer, or, after his death, against his executor or administrator, in the same manner and with like effect in all respects as actions founded on contract."

To establish a survival under this section, it must be held that the killing of the wife of Hurley was an injury to the person or property of Hurley himself. Such is the contention of appellant; but the case of *Davis* v. *Nichols,* 54 Ark. 358, decides directly to the contrary. Judge COCKRILL, rendering the court's opinion, said: "The 'injury to the person' mentioned in the provision has been construed to mean a bodily injury or damage of a physical character, and no other; and the injury to property, so far as it relates to personal property, is only such as was contemplated by the statute of 4 Edward III, c. 7, on the same subject."

It would be absurd to hold that the death of the wife would be a physical injury to the person of the husband, and the case and the authorities cited show that such rights as arise out of the domestic relation are not "property," in the meaning of the statute. The domestic services of a wife, and her companionship with the husband, possess none of the attributes of "property". The husband has the right to them by virtue of the marital relation, but they are purely personal to him. They can not be bought and sold; no pecuniary value can be placed upon them for that purpose. They are in him, and die with him. They are not things, but acts, sentiments and conditions. They are not "property", in the sense of this statute. Although, in the case of *Davis* v. *Nichols,* the question was as to the right of survival of the action against the administrator of a wrong-

doer, yet the statute under consideration here was necessarily under review there, and the construction given the words "wrongs done to the person or property" concludes the question here, unless we overrule that case. This we are unwilling to do, as we are convinced that it is correct and supported by sound reason and abundant authority. We will not enter upon a review here of the authorities, but, in addition to those cited in *Davis* v. *Nichols, supra,* see cases cited in brief of appellee.

The judgment is therefore, affirmed.