WHITE v. MADDUX, SPECIAL ADMR.

5-1106                                  296 S. W. 2d 679

Opinion delivered December 17, 1956.

*Jeta Taylor* and *John J. Cravens,* for appellant.

*Dobbs, Pryor & Dobbs,* for appellee.

PAUL WARD, Associate Justice. On April 25, 1956 appellant, Billy Price White, and his wife, Patsy White, were riding in an automobile which collided with another automobile being driven by Robert J. Kilgore. As a result of this collision Robert J. Kilgore and Patsy White were killed, the latter instantly, and appellant was injured.

Appellant filed a complaint against Prentice Maddux, Special Administrator of the estate of Robert J. Kilgore, deceased, containing two separate counts. In the first count appellant asked for judgment for personal injuries suffered by him, and in the second count he asked for $50,000 damages, as the surviving husband and next of kin of his wife Patsy White, for the loss of companionship, services, and consortium of his wife, there being no pain and suffering.

Count No. 1 was heard by the court sitting as a jury, and appellant was awarded judgment from which there is no appeal. Appellee filed a demurrer to Count No. 2 which was sustained by the court, forming the basis of this appeal.

It is the contention of appellant that the court erred in sustaining the demurrer, and that Count No. 2 states a good cause of action under the provisions of Ark. Stats. (Suppl.) § 27-905 which read as follows:

"When a wife be killed in this State by the wrongful act, neglect or default of any person, company or corporation, the husband may have a cause of action therefor against such wrongdoer, and be entitled to damages for his mental anguish and for the services and companionship of his said wife in whatever amount the jury trying the cause may consider he is entitled to; provided suit be brought within two (2) years from the time said cause of action occurs, which action may be brought by and in the name of the husband."

The statute above copied is Section 1 of Act 39 of the Acts of 1949 and reads the same as Section 1 of Act 84 of the Acts of 1899 with the exception that it adds the words ''for mental anguish and'' after the word ''damages'' in the original Act.

On the other hand it is the contention of appellee that the cause of action set forth in Count No. 2, under Ark. Stats. § 27-905, does not survive against the administrator of Kilgore. The above contention of appellee, speaking generally, is based on the following: (a) Under the common law, a right of action against a tort feasor (Robert J. Kilgore) expires with the death of the tort feasor, and cannot be revived against the administrator of his estate, and; (b) The above common law rule is still in force in this state, and it has not been changed by statute respecting the cause of action under consideration.

(a)   There appears to be agreement between the parties that at common law a right of action based on a tort dies with the tort feasor. This rule was definitely stated by this court in *Davis* v. *Nichols,* 54 Ark. 358, 15 S. W. 880. In speaking of the *Davis* case appellant says: ''The court based its decision upon the old common law rule that the tort dies with the tort feasor   .   .   .''

(b)   So, the only question for decision is: Has the common rule above stated been changed in this state by statute in the kind of case now under consideration?

We do not agree with appellant's statement ''that Section 27-905 Ark. Stats. Suppl. clearly and in plain language gives him a right to a cause of action against Kilgore's estate.'' The simple answer to the above statement by appellant is that there is nothing in said Section 27-905 which in any way changes the common law relative to the survivorship of a tort action against the administrator of the deceased tort feasor. What the said statute does do is give the husband a cause of action against a tort feasor for the *services* and *companionship* of his wife, but there is nothing in the statute repealing the common law which says that such a cause of action dies with the death of the tort feasor.

The issue in the case under consideration has been resolved against appellant by the opinion in the *Davis* case, *supra,* and it would serve no useful purpose here to reiterate and reconstruct the conclusion there reached. The only difference between the two cases is that, in the *Davis* case, the action was based on Ark. Stats. § 27-904, while, here, the action is based on § 27-905. There is no difference between the two sections as they bear on the legal principle involved, viz: The survival of an action against the administrator of a tort feasor. In the *Davis* case, brought under Ark. Stats. § 27-904, it was held there was no survival against the administrator, so, for the same reasons relied on there, we are forced to the same conclusion in this case where the action is based on Ark. Stats. § 27-905.

Ark. Stats. § 27-901 would sustain appellant's action here against the administrator except for one thing: Said section applies to ''wrongs done to the person or property'' of another. However, as explained in the *Davis* case and other cases cited therein, a husband's loss of the services and companionship of his wife does not amount to wrongs done to his person or property.

The final appeal appellant makes is that we overrule the *Davis* case, *supra.* A similar request was made and rejected in *Billingsley* v. *St. Louis, Iron Mountain and Southern Railway Company,* 84 Ark. 617, 107 S. W. 173, and we are furnished no good reason for overruling it at this time. This is peculiarly a matter that should be addressed to the legislature and not the courts.

The common law forms a substantial and an important portion of the laws of this state. A small part of that common law — that a tort action dies with the tort feasor — has been adopted by the legislature as the law of this state. Should we, by Judicial fiat, abolish that law, it would amount to more than a mere reversal of a former opinion. It would amount to an effort of this court to repeal an act of the legislature.

There is, however, some indication that the legislature does not desire to change the law. After this court

rendered its decision in the *Davis* case, construing § 27-904 as it did, the legislature thereafter (in 1899) passed § 27-905 without correcting the (alleged) defect in § 27-904 which the *Davis* opinion so clearly pointed out.

Affirmed.