CLARENCE R. DOEPKE *v.* J. MICHAEL SMITH, Ex'R

5-5137                                    452 S. W. 2d 627

Opinion delivered April 13, 1970

512

*Spitzberg, Mitchell & Hays,* for appellant.

*Macom, Moorhead & Green* and *Wright, Lindsey & Jennings,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant's petition for the appointment of a special administrator for the estate of Leavell Smith was denied by the probate court. Smith died on June 18, 1966, as a result of injuries received in an automobile collision. Appellant alleged that he was a passenger in a vehicle being driven by Smith on that date, and that he suffered personal injuries as a result of Smith's wilful, wanton and reckless operation of that motor vehicle. Smith's will was admitted to probate. Notice to creditors was duly published on June 28 and July 5, 1966. No claim against Smith's estate was filed by appellant within the period allowed by Ark. Stat. Ann. § 62-2602 (Supp. 1969), or before the administration on the estate had been closed and the executor discharged. Appellant prayed that a special administrator be appointed for the purpose of receiving service of process in a personal injury action contemplated by him, but not for the purpose of receiving service of a claim against Smith's estate.

Appellant alleged that his failure to file a claim was due to representations made by an agent of Smith's liability insurance carrier with the deceitful intent that appellant and his attorneys rely thereon to appellant's detriment. The misrepresentation alleged was that appellant's claim would be settled whenever his injuries were subject to final evaluation. According to appellant's petition, settlement negotiations were abruptly terminated by this insurance carrier upon lapse of the time allowed by Ark. Stat. Ann. § 62-2602 for filing

claims. Appellant stated in his petition that he had no intention to circumvent the statute of non-claim, but only desired to assert such rights as he may have against the insurance carrier. There is no suggestion that the executor of Smith's estate participated in any conduct or made any representations contributing in any way to delay in filing a claim.

Appellant admits that he is barred from filing any claim against Smith's estate upon the authority of *Turner* v. *Meek, Executor*, 225 Ark. 744, 284 S. W. 2d 848; and *Wolfe* v. *Herndon, Executor*, 234 Ark. 543, 353 S. W. 2d 540. He states that he does not seek, directly or indirectly, an overruling of those decisions.

We know of no authority for the action sought by appellant. Appellant was unable to cite any direct statutory or decisional authority for the action sought by him. Arkansas Statutes Annotated § 62-2210 (Supp. 1969) governs appointment of special administrators by the probate court. It authorizes the appointment of such an administrator pending the appointment of an executor or personal representative, or to perform duties pertaining to specific property or to perform specific acts.

We have previously held that a special administrator could not be appointed solely for the service of process. *Nickles* v. *Wood*, 221 Ark. 630, 255 S. W. 2d 433. In that case the purpose of the service was to fix venue in an action to recover damages for personal injuries alleged to have resulted from an automobile collision. Appellant's professed purpose here is to obtain service on a special administrator in order to assert such rights as he may have against the decedent's insurance carrier. We do not perceive any sound distinction that would justify our establishing a different rule because of this difference in purpose. In *Nickles,* a claim was actually being asserted against the estate.

It may well be that appellant could maintain his action against the insurance carrier without making Smith's estate or representative a party to the action,

if he can sustain allegations contained in his petition. He alleged that the carrier's agents, by means of deceitful conduct designed and intended to avoid the filing of a suit by appellant until the statute could be plead as a bar, lulled petitioner into a false sense of confidence and assurance that the carrier sought, in good faith, an opportunity to settle appellant's claim when his injuries could be evaluated, disregarding the statute of non-claim. He also alleged that the negotiations were abruptly halted when the period for filing claims expired. See *Fireman's Insurance Co.* v. *Jones,* 245 Ark. 179, 431 S. W. 2d 728, where a judgment against an automobile liability insurance carrier was sustained in spite of the fact that there was no judgment against the insured.

Cases from other jurisdictions relied upon by appellant are not authority for the action he seeks. In none of them was a special administrator appointed, or administration of an estate reopened. They deny application of the statute of non-claim, because of exceptions stated in the applicable statutes. See *Meinberg* v. *Glaser,* 14 Ohio St. 2d 193, 237 N. E. 2d 605 (1968); *Collins* v. *Yanity,* 14 Ohio St. 2d 202, 237 N. E. 2d 611 (1968); *Sessions* v. *Jelks,* (Dist. Ct. App., Fla., 1967), 194 So. 2d 307. One of them involves a situation where the personal representative's attorney made statements and engaged in conduct which led the claimant to believe that the statute would not be applied. *Sessions* v. *Jelks,* supra. As a matter of fact, one of them tends to refute appellant's argument here. It was therein stated that power to extend the time for filing claims against an estate, conferred upon the court by statute, could not be exercised where a claimant withheld commencement of his action because of negotiations with an insurance carrier when there was no evidence that any personal representative, agent or attorney of the estate, either by design or inadvertence, had taken any action which had the effect of lulling the claimant into a false sense of security or inducing him to ignore the clear statutory limitation. *In re Kemp's Estate,* (Dist. Ct. App., Fla.,

1965), 177 So. 2d 757; see also, comments on this decision in *Sessions* v. *Jelks*, supra.

If appellant's petition be considered as a petition for reopening the estate, as it is treated by appellee, appellant has no standing to ask such relief. It is available only upon petition of a person interested in the estate. Ark. Stat. Ann. § 62-2913 (Supp. 1969). The estate is defined as the real and personal property of the decedent. Ark. Stat. Ann. § 62-2003 (Supp. 1969). Appellant professes that he has no interest in this. Interested persons include an heir, devisee, spouse, creditor or any other having a property right or an interest in, or claim against, the estate being administered and a fiduciary. Appellant is neither. Ark. Stat. Ann. § 62-2003 (Supp. 1969).

The judgment of the probate court is affirmed.