Elvis JOHNSON and Mae Hester HUDSON
*v.* Enda POORE, Executrix

79-117                                                587 S.W. 2d 44

Opinion delivered October 1, 1979
(In Banc)

602

*C. Mac Norton,* of *Brockman & Brockman,* for appellants.

*Wright, Lindsey & Jennings,* for appellee.

JOHN I. PURTLE, Justice. Elvis Johnson, a minor, and Mae Hester Hudson, his mother, filed suit for personal injuries and expenses arising out of an automobile accident against the decedent's estate after the statute of nonclaim had expired. Appellee moved for dismissal of the complaint because the liability insurance carrier for decedent had been discharged in a federal district court by way of a Bill of Interpleader. The trial court agreed with appellee's motion and dismissed the complaint. Appellants bring this apeal from the order of dismissal.

The question to be decided by this Court is whether a minor and his mother may maintain tort actions against the estate of decedent after the expiration of the statute of nonclaim when there was in force a policy of liability insurance on decedent's vehicle which policy has been depleted through the use of a Bill of Interpleader in the federal district court. We hold the court erred in dismissing appellants' complaint.

The facts involved an automobile collision in which the tortfeasor, Robert Poore, was fatally injured. Several suits and claims were filed in the administration of the Poore estate. The liability carrier for decedent filed a Bill of Interpleader in the federal district court and was subsequently discharged after distribution of the limits of its policy among the parties to the interpleader suit.

Appellant, Elvis Johnson, a minor, nor his mother were parties to the interpleader in the federal court proceeding. The suit on their behalf was filed on June 24, 1976, which was

about 6 months after the order of distribution by the federal district court.

The statutes in question are Ark. Stats. Ann.§§ 37-226 (Repl. 1962) and 62-2601 (Repl. 1971).

Ark. Stat. Ann. § 37-226 (Repl. 1962) provides:

If any person entitled to bring any action, under any law of this state, be, at the time of accrual of the cause of action, under twenty-one (21) years of age, . . . such person shall be at liberty to bring such action within three (3) years next after full age, or such disability may be removed.

Ark. Stat. Ann. § 62-2601 (Repl. 1971) provides:

Limitations On Filing of Claims. — a. Statute of Nonclaim. Except as provided in Sections 111 (§ 62-2602) and 119 (§ 62-2610), other than expenses of administration and claims of the United States, are not barrable by a statute of nonclaim, but including claims of a state or territory of the United States, and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred as against the estate, the personal representative, the heirs and devisees of the decedent, unless verified and presented to the personal representative or filed with the Court within six (6) months after the date of the first publication of notice to creditors.

. . .

f. Certain Tort Claims Not Affected. Notwithstanding the foregoing provisions relating to the time for filing claims against an estate, or any other provisions of this Probate Code, a tort claim or tort action against the estate of a deceased tortfeasor, to the extent of any recovery which will be satisfied from liability insurance or from Uninsured Motorist insurance coverage and which will not use, consume or deplete any assets of the

decedent's estate, may be brought within the limitation period otherwise provided for such tort action. No recovery against the tortfeasor's estate shall use, consume, diminish, or deplete the assets of the decedent's estate, and any such recovery shall not affect the distribution of the assets of the estate to the heirs, next of kin, legatees, or devisees of the deceased tortfeasor unless a claim is filed in the manner and within the time provided by the Probate Code for filing claims against the estate.

No doubt the trial court dismissed the complaint because the policy limits had been paid into the court and the carrier had been discharged. The appellants were not named as parties in the interpleader action and, therefore, are not bound by that proceeding. It is true the carrier had the right to file its Bill of Interpleader but it was incumbent upon it to name all parties who had an interest in the proceeds of the policy. Since appellants' rights, if any, to the proceeds of the policy had not been determined, it was error for the court to dismiss the complaint.

We do not find that we have previously interpreted paragraph (f) of Ark. Stat. Ann. § 62-2601 (Repl. 1971). When an interpleader is filed it is necessary for all those having an interest in the proceeds to be made parties to the action if they are to be bound by the proceeding. Our prior interpretations of this statute were made before the enactment of paragraph (f) in 1971. Therefore, they have no precedential value in the case at bar. To hold otherwise would allow an insurance carrier to discharge its responsibility under a policy of liability insurance by selecting the claimants it preferred to the detriment of others regardless of the merit or value of the claims.

We do not know whether the appellant Johnson will be successful in obtaining a judgment against the estate at the trial of this action. However, we would ignore the plain meaning of the statute if we were to hold that, as a matter of law, the appellant is not entitled to a determination of the rights alleged in the complaint. In so holding, we do not imply that appellant would be entitled to obtain satisfaction of

any judgment against the assets of the estate of the decedent.

That portion of the complaint filed by the mother of Elvis Johnson on her own behalf is an independent claim and since it was filed within 3 years it is not barred by the non-claim statute. Therefore, we return the matter to the trial court with directions to reinstate the complaint.

Reversed and remanded.