Maurice WESTRIDGE *v.* Harold BYRD, et al.

CA 91-294                                    823 S.W.2d 930

Court of Appeals of Arkansas
Division I
Opinion delivered February 5, 1992
[Rehearing denied March 11, 1992.]

*Appellant*, pro se.

*Mashburn & Taylor*, by: *Terry D. Harper*, for appellees.

GEORGE K. CRACRAFT, Judge. Maurice Westridge appeals from an order of the Washington County Circuit Court dismissing his complaint. We affirm.

Appellant brought this pro se action against Paul Vaughn d/b/a Vaughn Electronics, Radio Shack, and David Byrd for injuries he allegedly suffered in a Radio Shack store in Fayette-

ville, Arkansas, as the result of concurring negligence of an employee of the Radio Shack and one David Byrd. Appellant complained for damages of $25,000.00 as a result of gross negligence of the defendants.

A short time later, appellant filed an amended complaint in which appellee, Harold Byrd, "Heir to David Byrd now deceased," was made a party defendant. Appellant alleged in the amended complaint that David Byrd died on December 4, 1990, and Harold Byrd was his son and "in control" of his father's estate. The complaint made no allegation that Harold Byrd was himself guilty of any negligent act. It sought relief against him solely because he was the heir of a deceased tortfeasor.

Appellee moved to dismiss on the ground that appellant had failed to state facts upon which relief could be granted. Ark. R. Civ. P. 12(b)(6). In a letter opinion, the trial judge stated that he was unaware of any statute or case allowing a plaintiff in a tort action to sue a deceased person's heir rather than his personal representative. The court ruled that, as appellant made no allegation other than that Harold Byrd was the heir of David Byrd, it failed to state a cause of action against him. An order of dismissal without prejudice was entered. Appellant then filed a motion to set aside the order of dismissal which was denied by the trial court for the same reasons.

We agree with the trial court that this complaint did not state a cause of action against appellee. At common law, all actions for tort died with the tortfeasor. That rule is still in effect in this state, except where changed by statute. *White* v. *Maddux*, 227 Ark. 163, 296 S.W.2d 679 (1956); *Miller* v. *Nuckolls*, 76 Ark. 485, 89 S.W. 88 (1905); *Davis* v. *Nichols*, 54 Ark. 358, 15 S.W. 880 (1891). Arkansas Code Annotated § 16-62-101 (1987) has removed that bar as to tortious injury to the person. It provides that such actions survive the death of the tortfeasor and may be brought against his estate or personal representative. However, it does not authorize such actions to be maintained against the heirs of a deceased person. As this complaint alleged no act of negligence on the part of appellee, and sought only to hold him liable for the negligence of his ancestor, we find no error in its dismissal.

Appellant also argues that the court committed several

procedural errors. As none of these matters affected the existence of a cause of action against appellee, we do not address them.

Affirmed.

COOPER and DANIELSON, JJ., agree.