**Julie CALLAGHAN, as Executrix of the Estate of Elfrieda Lowry**

v.

**Martin Dane COBERLY, as Executor of the Estate of Martha Coberly.**

No. 95–5227.

United States District Court,
W.D. Arkansas.

May 29, 1996.

Jason Lee Watson, Odom, Elliott, Winbrun & Watson, Fayetteville, AR, for Plaintiff.

Thomas B. Pryor, Pryor, Barry, Smith, Karber & Alford, Fort Smith, AR, for Defendant.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This is · an action for wrongful death brought against the personal representative of the estate of Martha Coberly to recover insurance proceeds from a policy held by the estate. This action would be time-barred by the probate code's statute of nonclaim, Ark. Code Ann. § 28–50–101(a) (Michie Supp. 1995), were it not for the fact that tort claims that can recovered entirely from insurance proceeds are exempt from that statute, *id.* § 28–50–101(f) (Michie Supp.1995).

The issue before this court on summary judgment is whether this exemption to the statute of nonclaim is constitutional. If not, then plaintiff's claim is time-barred. The court will hold that the exemption contained in Ark.Code Ann. § 28–50–101(f) is constitutional, and that defendant's motion for summary judgment should be denied.

## I. BACKGROUND

The following recitation of facts is intended solely for purposes of deciding this motion.

On November 12, 1993, at 11:50 a.m., Martha Coberly ("Mrs. Coberly") ran a stop sign and was struck by a third party motorist. Both she and her passenger, Elfrieda Lowery, died as a result of the accident.

On December 30, 1993, Martin Dane Coberly ("Mr. Coberly") was appointed as executor of the estate of his deceased wife by the Probate Court of Benton County.

On November 17, 1994, the Probate Court of Benton County entered an order directing distribution of the estate assets and further providing that Mr. Coberly "be fully and finally released and discharged from his trust herein, and released and discharged from any and all liability or accountability, and the administration of said estate closed." The order was filed on February 1, 1995.

On October 18, 1995, plaintiff filed a wrongful death complaint in the Circuit Court of Benton County as executrix of the estate of Elfrieda Lowery against Mr. Coberly as executor of the estate of Mrs. Coberly. This action was removed to federal court on November 13, 1995.

Plaintiff's lawsuit was filed within the three year statute of limitations for wrongful death actions provided by Ark.Code Ann. § 16–62–102(c)(1) (Michie Supp.1995).

However, it was filed after the limitations period provided by the statute of nonclaim. The statute of nonclaim provides that all claims against a decedent's estate are time-barred unless they are verified to the personal representative of the estate or filed with the court within three months after the date of the first publication of notice to decedent's creditors. Ark.Code Ann. § 28–50–101(a).

Nevertheless, plaintiff's suit was still timely because subsection (f) of Ark.Code Ann. § 28–50–101 provides that tort claims that can recovered entirely from available insurance are exempt from the statute of nonclaim.

Since defendant is challenging the constitutionality of subsection (f), the court will quote that provision in its entirety.

(f) **Certain Tort Claims Not Affected.** Notwithstanding the foregoing provisions relating to the time for filing claims against an estate, or any other provisions of this code, a tort claim or tort action against the estate of a deceased tortfeasor, to the extent of any recovery which will be satisfied from liability insurance or from uninsured motorist insurance coverage and which will not use, consume, or deplete any assets of the decedent's estate, may be brought within the limitation period otherwise provided for the tort action. No recovery against the tortfeasor's estate shall use, consume, diminish, or deplete the assets of the decedent's estate, and any recovery shall not affect the distribution of the assets of the estate to the heirs, next of kin, legatees, or devisees of the deceased tortfeasor unless a claim is filed in the manner and within the time provided by this code for filing claims against the estate.

Ark.Code Ann. § 28–50–101(f).

On November 21, 1995, plaintiff filed an ex parte request with the Probate Court of Benton County to reopen the estate of Mrs. Coberly to the extent of available insurance proceeds. The probate judge granted the request with an order that:

the Estate of Martha Coberly, Martin Dane Coberly, Executor, Benton County Probate P 93–443–1 be reopened to the extent of available insurance coverage; that petitioner ... be granted the right to sue the estate for available insurance coverage pursuant to Ark.Code Ann. § 28–50–101(f).

The personal representative of Mrs. Coberly's estate forwarded the summons and complaint to the decedent's insurer, who subsequently assumed the duty to defend the estate under a reservation of rights.

## II. CONSTITUTIONALITY

■ Defendant contends that subsection (f) of Ark.Code Ann. § 28–50–101 is unconstitutional, because it violates the Due Process Clause and Equal Protection Clause of the United States Constitution by establishing a special category of claimants with special rights with no rational basis for doing so. This argument will be rejected.

Under the Equal Protection Clause, social and economic legislation that does not impinge on fundamental rights and that does not utilize suspect classifications will be upheld "when the legislative means are rationally related to a legitimate governmental purpose." *Hodel v. Indiana,* 452 U.S. 314, 331, 101 S.Ct. 2376, 2387, 69 L.Ed.2d 40 (1981). "[S]uch legislation carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality.... This is a heavy burden." *Id.* at 331–32, 101 S.Ct. at 2387. In essence, the test is the same under the Due Process Clause. *See Hodel,* 452 U.S. at 331–333, 101 S.Ct. at 2386–2388 (performing a single rational basis analysis to uphold land use regulation against an equal protection and a substantive due process challenge); 3 RONALD D. ROTUNDA & JOHN E. NOWAK, TREATISE ON CONSTITUTIONAL LAW: SUBSTANCE AND PROCEDURE § 18.1 (2d ed. 1992) ("the standards for validity under the due process and equal protection clauses are identical").

Defendant contends that subsection (f) is irrational, because two litigants may have absolutely identical causes of action, but only one litigant can bring suit, because only that litigant will be able to sue on applicable insurance coverage. The litigant who is not lucky enough to be able to sue against an insurance policy will be time-barred.

Defendant is correct as to what subsection (f) means, but the court disagrees that subsection (f) is irrational. The court believes that the current statutory regime is a reasonable accommodation of two competing legislative policies. The first policy is to provide certainty and closure to estate administration, and to prevent the elimination or depletion of estate assets by claims not filed time-

ly. The second policy is to provide redress for personal injury victims. When recovery against the estate is, as a practical matter, purely against an insurance policy held by the estate, allowing a lawsuit against the estate has little effect on its administration. Thus, there is no policy reason for applying the statute of nonclaim when recovery is purely against the insurance policy, or a reasonable person could so conclude. At least one state court has reached this same conclusion. *Belancsik v. Overlake Memorial Hosp.*, 80 Wash.2d 111, 492 P.2d 219 (1971).

Defendant has cited various cases where state courts have struck down various state statutes that provide differential treatment to a particular causes of action. In *Moyer v. Phillips*, 462 Pa. 395, 341 A.2d 441 (1975), the Pennsylvania Supreme Court struck down a survival statute that did not provide for the survival of actions for libel and slander. In *Miller v. Boone County Hosp.*, 394 N.W.2d 776 (Iowa 1986), the Iowa Supreme Court struck down a statute requiring a person claiming damages against a local government to commence the action within six months. In *Ernest v. Faler*, 237 Kan. 125, 697 P.2d 870 (1985), the Kansas Supreme Court struck down a pesticide statute requiring a claimant to file a written statement that he had been damaged with the county attorney within 60 days after the date the damage was discovered.

None of these cases are factually on point; nor does their reasoning compel a particular conclusion in the present case. More important, the cases cited in the previous paragraph are state cases. They are not binding on the federal judiciary.

The only federal case cited by defendant is *Republic Pictures Corp. v. Kappler*, 151 F.2d 543 (8th Cir.1945), *aff'd*, 327 U.S. 757, 66 S.Ct. 523, 90 L.Ed. 991 (1946). In that case, the court was trying to determine the appropriate statute of limitations for an action arising under the Fair Labor Standards Act. Since the statute itself did not provide a limitations period, the court determined that period by looking to state law. Under Iowa law, the state legislature had provided a six month statute of limitations for causes of action arising under federal law. However,

the Eighth Circuit struck down this statute of limitations and held that a state cannot provide a shorter limitations period for federal causes of action than it does for comparable state causes of action. The opinion makes it clear that this conclusion was reached on the basis of supremacy of federal law. There is no such compelling concern in this case.

## III. OTHER ARGUMENTS

In his brief supporting his motion for summary judgment, defendant asks a series of questions concerning potential conflicts between subsection (f) and other portions of the probate code and Arkansas Supreme Court precedent. However, it it is not clear to the court how any of these alleged conflicts have any bearing on the constitutionality of the statute, and defendant expressly states in his brief that "the *sole* basis for requesting summary judgment" is the constitutional argument. (Def.Br.Supp.Mot.Sum.J. at p. 23) (emphasis in original).

Unless the alleged conflicts between subsection (f) and other Arkansas law have some bearing on the constitutional questions, and the court does not see that they do, then these questions are not relevant to the current motion. Nevertheless, the court will discuss the questions of statutory construction raised by defendant to show that they clearly have no bearing on the constitutional question.

### a. Ark.Code Ann. § 28–53–119

■ First, defendant contends that subsection (f) implicitly repeals Ark.Code Ann. § 28–53–119 (Michie 1987). Under this statutory provision, an estate may be reopened "upon the petition of any person interested in the estate." *Id.*

According to defendant, plaintiff is not a "person interested in the estate," and thus has no standing to reopen the estate. As authority for this argument, defendant cites *Doepke v. Smith*, 248 Ark. 511, 452 S.W.2d 627 (1970), the court does not believe that *Doepke* controls the present case.

In *Doepke*, the statute of nonclaim had run on plaintiff's claim, and subsection (f) had not

yet been enacted.[1] Thus, plaintiff admitted that he was time-barred from filing a claim against the estate and was not a person interested in the estate. Rather, he merely sought to proceed directly against the insurance company for its misconduct in pretending it would settle with him and preventing him from filing a timely claim. The court held that plaintiff may have a direct cause of action against the insurer for its misconduct, but that a cause of action against the estate was untimely and that circumstances did not warrant appointing a special administrator to receive process on behalf of the estate, nor did they justify reopening the estate.

The present action differs from *Doepke* in that plaintiff is a creditor of the estate because he still has a live cause of action against the estate thanks to subsection (f). Thus, plaintiff is a person interested in the estate, and he has standing to petition the probate court to reopen the estate.

Even if this court and the Probate Court of Benton County erred, and plaintiff in this action did not have standing to reopen the probate proceeding, the court does not see how that affects the above conclusion concerning the rationality of the subsection (f). Also, whether or not the estate was properly reopened in this case is probably a matter within the exclusive jurisdiction of the probate court.

### b. Ark.Code Ann. § 28–50–102

■ Defendant contends that subsection (f) implicitly repeals Ark.Code Ann. § 28–50–102 (Michie 1987), which requires parties making claims against the estate to file some form of written notice of claim with the probate court administering the estate. Section 28–53–102 further provides that one of several forms of written notice of claim must be submitted to the probate court within the limitations period set forth in Ark.Code Ann. § 28–50–101, which is the statute of nonclaim and its exceptions. A failure to file a written notice of claim with the probate court within the time allowed is grounds for finding a claim to be time-barred. *Turner v. Meek*, 225 Ark. 744, 284 S.W.2d 848 (1955).

■ It is clear that plaintiff in this case complied with the written notice requirements. When plaintiff petitioned the probate court to reopen the estate, plaintiff clearly provided written notice as to the nature of his claim. Moreover, that written notice was provided within the limitations period set forth in § 28–50–101, which contains the statute of nonclaim and its exceptions. But even if plaintiff failed to comply with this requirement, the court does not see how that affects the above conclusion concerning the rationality of the subsection (f).

### c. Supreme Court of Arkansas Precedent

Defendant argues that this suit could be dismissed, because plaintiff filed this suit against defendant as the personal representative of the estate before he had actually been renamed as personal representative. Therefore, suit was filed against a non-existent entity, and there is Arkansas Supreme Court precedent that such a suit cannot be maintained, nor can its defects be cured by amendment. Rather, the suit must be re-filed.

In support of this proposition, defendant cites *Jenkins v. Means*, 242 Ark. 111, 411 S.W.2d 885 (1967) and *Storey v. Smith*, 224 Ark. 163, 272 S.W.2d 74 (1954). Those cases involved automobile accidents where both drivers were killed. As a result, the estate of driver one sued the estate of driver two and named the personal representative of driver two's estate as defendant. However, the probate court had not yet appointed a personal representative for driver two's estate. The estate of driver two then sued the estate of driver one in a different venue and named the personal representative of driver one's estate, already appointed, as defendant. The question before the Arkansas Supreme Court was which suit was first-filed for purposes of determining priority of venue.

The court held that the first suit, even though it was first-filed, had never been technically commenced and did not have priority for venue purposes, because the named defendant, the personal representative of driver two's estate, did not exist when suit was filed.

**1.** *Doepke, supra* was decided in 1970 and subsec- tion (f) was enacted in 1971, Ark.Acts 385, § 1.

Also, the Supreme Court held that it would not retroactively amend the pleadings in the first suit to account for the appointment of the personal representative.

The purpose of these holdings was clearly to prevent unseemly races to the courthouse before the probate court had even appointed a personal representative. There is nothing that requires that these holdings must be applied outside the venue context. For instance, in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the United States Supreme Court applied state rules on commencement of an action to determine whether an action was timely under a state statute of limitations, but applied federal rules on commencement of an action to determine other issues, such as when federal pleading deadlines began to run. Thus, this court could probably allow plaintiff to amend her pleadings to account for the naming of the representative.

Even if the court would be justified in dismissing this lawsuit, defendant has stated that he does not wish to take that route because plaintiff will simply refile because the statute of limitations on wrongful death actions has not yet elapsed. Moreover, the court does not how any of this discussion affects the constitutionality of subsection (f).

## IV. CONCLUSION

There clearly are no constitutional problems with subsection (f). Also, there are no problems in construing subsection (f) consistently with other provisions of Arkansas statutory law and Supreme Court precedent, even though these issues of statutory construction were not truly before the court because they were irrelevant to the issue of constitutionality. For these reasons, defendant's motion for summary judgment will be denied.