Bobbie TATRO, As Personal Representative of the Estate of
Arlen D. Tatro, Deceased *v.* Honorable Don LANGSTON,
Circuit Judge

97-54                                           944 S.W.2d 118

Supreme Court of Arkansas
Opinion delivered May 19, 1997

*Ledbetter, Hornberger, Cogbill, Arnold & Harrison,* by: *E. Diane Graham* and *Rebecca D. Hattabaugh,* for petitioner.

*Sexton & Fields, P.L.L.C.,* by: *Stephen H. Meeh,* for respondent.

TOM GLAZE, Justice. On April 3, 1991, Arlen D. Tatro was driving his vehicle when it collided with John Bankord's. Tatro died the same day as a result of the accident and Bankord sustained injuries due to the collision. Arlen's widow, Bobbie, opened Arlen's estate on May 10, 1991, and was appointed administratrix. The estate's notice was published on May 17, 1991. All claims against the estate were paid, and on January 22, 1992, the probate court ordered Arlen's estate closed, discharged Bobbie, and released her surety.

Bankord had filed no claim in Tatro's estate. Instead, on April 4, 1994, and ostensibly within the three-year statute of limitations for negligence claims, Bankord and his wife filed suit in circuit court against Bobbie Tatro, naming her the personal representative of Arlen's estate. Bobbie answered, denying she was any longer the personal representative of Arlen's estate and specifically denying all other allegations in Bankord's complaint. The Bankords dismissed their complaint without prejudice on April 11, 1995, but they reinstituted their suit on April 9, 1996, to which Bobbie again denied being the personal representative of Arlen's estate.

Bobbie subsequently filed a motion for summary judgment, alleging that the three-year statute of limitations had expired before the Bankords filed suit, and that under Ark. Code Ann. § 28-53-119 (1987) the Bankords were obliged, but failed, to reo-

pen Tatro's estate in order to pursue their claims.[1]  The Bankords, on the other hand, relied upon Ark. Code Ann. § 28-50-101(a) and (f) (Supp. 1995), and argued that Tatro's estate continued in legal existence and remained subject to suit in tort even in the absence of initiating the procedure for reopening the estate. Those statutory provisions in § 28-50-101 provide as follows:

> (a)  STATUTE OF NONCLAIM.  Except as provided in §§ 28-50-102 and 28-50-110, all claims against a decedent's estate . . . shall be forever barred as against the estate, the personal representative, or the heirs and devisees of the decedent, unless verified to the personal representative or filed with the court within three (3) months after the date of the first publication of notice to creditors.  *However, claims for injury or death caused by the negligence of the decedent shall be filed within six (6) months from the date of first publication of the notice, or they shall be forever barred and precluded from any benefit in the estate.*
>
> * * *
>
> (f)  CERTAIN TORT CLAIMS NOT AFFECTED. *Notwithstanding the foregoing provisions relating to the time for filing claims against an estate,* or any other provisions of this code, *a tort claim or tort action against the estate of a deceased tortfeasor, to the extent of any recovery which will be satisfied from liability insurance* or from uninsured motorist insurance coverage and which will not use, consume, or deplete any assets of the decedent's estate, *may be brought within the limitation period otherwise provided for the tort action. No recovery against the tortfeasor's estate shall use, consume, diminish, or deplete the assets of the decedent's estate,* and any recovery shall not affect the distribution of the assets of the estate to the heirs, next of kin, legatees, or devisees of the deceased tortfeasor unless a claim is filed in the manner and within the time provided by this code for filing claims against the estate.  (Emphasis added.)

Because Arlen Tatro had liability insurance coverage at the time of the April 3, 1991 accident and Bobbie would be merely a nominal

---

[1] It is well settled that only "interested persons" have standing to request the reopening of a decedent's estate. *Doepke v. Smith,* 248 Ark. 511, 452 S.W.2d 627 (1970); Ark. Code Ann. §§ 28-1-102(a)(11) and 28-53-119 (1987). Although Bobbie contends the Bankords are interested persons under § 28-53-119, the Bankords counter that their claims are not against the estate's assets, but are to recover against Arlen's liability insurer.

party on behalf of her deceased husband's estate, the Bankords submitted below, and now on appeal that their suit is authorized under provision (f) above.

The circuit court agreed with the Bankords and denied Bobbie's summary judgment motion. Bobbie then filed her petition for writ of prohibition with us, asserting the circuit court's ruling was wrong and it was without jurisdiction to proceed. We disagree.

■ We are first met with the settled rule that prohibition will not lie unless the trial court is clearly without jurisdiction or has acted without authority and the petitioner is unquestionably entitled to such relief. *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). The purpose of the writ is to prevent a court from exercising a power not authorized by law when there is no other adequate remedy by appeal or otherwise. Moreover, it is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. *Id.*

■ In *Vermeer Mfg. Co. v. Steel*, 263 Ark. 323, 564 S.W.2d 518 (1978), this court held that, while it was denying the petitioner's request for writ of prohibition, it was still proper for petitioner to seek prohibition because the three-year statute of limitations for wrongful death was jurisdictional. However, this court in a product-liability case, *Forrest City Machine Works, Inc. v. Erwin*, 304 Ark. 321, 322, 802 S.W.2d 140, 141 (1991), limited the *Vermeer* decision by stating the following:

> Here, petitioner has failed to establish that the trial court was without jurisdiction. *Statutes of limitation constitute an affirmative defense, see* ARCP Rule 8(c), but they are generally not jurisdictional. Those that are jurisdictional are tied to the right itself, and not just the remedy. *See, e.g., Vermeer Mfg. Co. v. Steel*, 263 Ark. 323, 564 S.W.2d 518 (1978) (limitation for wrongful death actions). Petitioner has not presented us with a case holding that the applicable statute of limitations for product liability cases is jurisdictional. Prohibition is not available as a remedy if the statute of limitation governing a particular proceeding is not jurisdic-

tional, but may only be raised as an affirmative defense. (Cites omitted.) (Emphasis added.)

*See* 63A Am. Jur. 2d, *Prohibition,* § 57 (1984) (a defendant in a wrongful death action may seek prohibition on the theory that the statute of limitations contained in a wrongful death act is jurisdictional; . . . But prohibition is not an available remedy if the statute of limitations governing a particular proceeding is not jurisdictional, but may only be raised as an affirmative defense); *but see* 73 C.J.S. *Prohibition* § 34B (1983) (time limits set by statute are said to be jurisdictional).

As pointed out in *Erwin,* we reiterate that statutes of limitation constitute an affirmative defense, and therefore are not jurisdictional; that alone, perhaps, should suffice to deny Bobbie's present request for prohibition. However, we are mindful of Bobbie's attempt to come within the *Vermeer* holding by arguing that, under common law, the Bankords' right of action in tort expired with the death of the tortfeasor (Arlen). Thus, she submits, any statutory right permitting the Bankords to sue Arlen's estate is jurisdictional and must be strictly followed or no action exists. *See White v. Maddux,* 227 Ark. 163, 296 S.W.2d 679 (1956); *Westbridge v. Byrd,* 37 Ark. App. 72, 823 S.W.2d 930 (1992).

Accepting Bobbie's assertions as correct, we still must deny prohibition because this court has previously held that the plain language in Arkansas's statute of nonclaim, § 28-50-101(a) and (f), authorizes and extends tort actions for personal injuries in the circumstances in which the Bankords find themselves. *See Johnson v. Poore, Ex'x,* 266 Ark. 601, 587 S.W.2d 44 (1979). In *Johnson,* Elvis Johnson, a minor, and his mother filed suit against the decedent Robert Poore's estate for personal injuries arising out of an accident which they claimed was caused by Poore's negligence. The statute of nonclaim had expired at the time of filing the suit, and the trial court dismissed Johnson's and his mother's lawsuit. The question on appeal was whether Johnson and his mother could maintain their tort actions against Poore's estate when there was a liability insurance policy in force on Poore's vehicle at the time of the accident, but the statute of nonclaim had expired. This court held they could. In reversing the circuit court's dismis-

sal of her complaint, the *Johnson* court, citing what is now § 28-50-101(a) and (f), stated the following:

> We do not know whether the appellant Johnson will be successful in obtaining a judgment *against the estate* at the trial of this action. However, we would ignore the plain meaning of the statute if we were to hold that, as a matter of law, [Johnson] is not entitled to a determination of the rights alleged in the complaint. In so holding, we do not imply that [Johnson] would be entitled to obtain satisfaction of any judgment against the assets of the estate of the decedent.
>
> That portion of the complaint filed by the mother of Elvis Johnson on her own behalf is an independent claim, and since it was filed within three years, it is not barred by the nonclaims statute. Therefore, we return the matter to the trial court with directions to reinstate the complaint. (Emphasis added.)

Because Bobbie has failed to show the Bankords' tort claims are jurisdictionally barred and a writ is clearly warranted, we deny the petition for prohibition.